■ ROGER DEVODIER, Respondent-Appellant, v JUDITH A. HAAS et al., Appellants-Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated November 14, 1989, as denied that branch of their motion which was for summary judgment under Labor Law § 241 (6). The plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion which was for summary judgment under Labor Law §§ 200 and 240.

Ordered that the order is reversed insofar as appealed from by the defendants, and the complaint is dismissed in its entirety, and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the plaintiff and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Roger Devodier was injured on March 28, 1986, while working for the third-party defendant, Sun Design Pools, Inc. (hereinafter Sun), which was installing a pool at the one-family home of the defendants Irwin and Judith Haas. Devodier commenced this action against the Haas defendants alleging violations of Labor Law §§ 200, 240, and 241 (6). The Haas defendants denied the relevant allegations of the complaint and served a third-party complaint against Sun. The

Haas defendants then moved for summary judgment dismissing Devodier's complaint. The Supreme Court denied that branch of the motion which was for summary judgment based upon Labor Law § 241 (6) but granted that branch of the motion which was for summary judgment based upon Labor Law §§ 200 and 240.

As long as homeowners of one and two family dwellings do not direct or control a construction project, they are exempt from liability under Labor Law §§ 240 and 241 (6) (see, Labor Law § 240 [1]; § 241 [6]; see also, Edwards v Ackerman, 157 AD2d 770; Schwartz v Foley, 142 AD2d 635). A homeowner's typical involvement in a construction project does not constitute direction and control for purposes of liability under Labor Law §§ 240 and 241 (6) (see, Schwartz v Foley, supra). Direction and control for purposes of liability under Labor Law §§ 240 and 241 (6) will only be found in situations where the homeowner supervises the method and manner of work, can order changes in the specifications, reviews the progress and details of the job with the general contractor, and/or provides the equipment necessary to perform the work (see, Rimoldi v Schanzer, 147 AD2d 541). Devodier has failed to show facts to demonstrate that the Haas defendants exercised any direction or control over the pool installation. On the contrary, the facts adduced at the depositions reveal that the equipment used in the project was supplied by Sun, that the method and manner of work was directed and controlled by Sun, and that Devodier was working pursuant to Sun's orders at the time of his accident. The Haas defendants confined themselves to minor details in the project, typical of a homeowner's activities, such as the pattern of the pool liner or the color of the pool steps. Devodier concedes that the Haas defendants never gave him any directions or instructions in the performance of his work. While Devodier alleges the existence of a separate landscaping and decking contractor to prove that the Haas defendants were acting as a general contractor by coordinating the separate contractors, Devodier has failed to submit any evidentiary proof to establish that this contractor ever began work prior to the installation of the pool by Sun.

We also note that the Supreme Court properly dismissed Devodier's cause of action under Labor Law § 200 since Devodier failed to set forth any facts to establish that the Haas defendants had actual or constructive notice of the allegedly dangerous condition which caused the accident (see, Miller v Perillo, 71 AD2d 389; Monroe v City of New York, 67 AD2d

89). Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.