■ ANTHONY J. EMMI et al., Respondents, v LOUIS EMMI, Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiff Anthony Emmi commenced this action to recover for injuries he sustained when he fell from a scaffold while working on the construction of defendant's house. Plaintiff Natalie Emmi, Anthony's wife, seeks damages in a derivative action. The IAS Court granted partial summary judgment to plaintiffs on the issue of defendant's liability under Labor Law § 240 and Workers' Compensation Law § 11.

Defendant contends that he is entitled to the exception to the imposition of strict liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]). Defendant's participation in the construction of his home, however, went far beyond "[a] homeowner's typical involvement in a construction project" *(Devodier v Haas,* 173 AD2d 437, 438). Rather, defendant acted as general contractor and oversaw the entire project, supplied the materials used by plaintiff, chose the design and made changes in the specifications for the building, performed much of the construction himself, acquired and constructed the scaffolding and acknowledged his responsibility to obtain safety rails for the scaffolding. Defendant's extensive involvement in the project constitutes direction and control for purposes of liability under Labor Law § 240 *(see, Rimoldi v Schanzer,* 147 AD2d 541, 545).

Contrary to defendant's position, the record contains uncontradicted evidence in admissible form that the scaffold from which plaintiff fell was more than 20 feet from the ground, which is sufficient to establish defendant's liability for failure to provide safety rails under Labor Law § 240 (2).

The order must be modified, however, because plaintiff's employment is not covered under the Workers' Compensation Law. "Employment" is defined as including "employment in a trade, business or occupation carried on by the employer for pecuniary gain" (Workers' Compensation Law § 2 [5]). The

statute applies to employers carrying on a business for profit *(see, Dillon v Trustees of St. Patrick's Cathedral,* 234 NY 225), not to persons who engage laborers to perform work on their private homes *(see, Matter of Empie v Cossart,* 259 App Div 941; *Matter of Goldberger v Goldberger,* 200 App Div 190). Thus, defendant cannot be held liable under Workers' Compensation Law § 11. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.