■ PETER SPINILLO, Appellant, v STROBER LONG ISLAND BUILDING MATERIAL CENTERS, INC., Defendant, and ARLINE SCHWEITZER, Respondent. [595 NYS2d 825] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered December 24, 1990, as, upon reargument, granted the defendant Arline Schweitzer's mo-

tion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 4, 1986, the plaintiff, a carpenter employed by the general contractor who had been hired by the defendant Arline Schweitzer, was injured when he fell from a scaffold while renovating and remodeling Schweitzer's single-family residence. The plaintiff commenced suit against Schweitzer and the company who supplied his employer with lumber for the scaffolding. After completion of discovery, Schweitzer moved for summary judgment. Initially, the motion was denied, but upon reargument, the court granted Schweitzer's motion and dismissed the complaint insofar as it is asserted against her. We affirm insofar as appealed from.

In order for an owner of a one or two-family residential dwellings to be subject to liability under Labor Law §§ 240 or 241, the plaintiff must prove that the owner "directed or controlled" the work being performed (see, Labor Law §§ 240, 241; *Kelly v Bruno & Son,* 190 AD2d 777). The phrase "direct or control" is construed strictly and refers to the situation where the "owner supervises the method and manner of the work" (*Rimoldi v Schanzer,* 147 AD2d 541, 545; see also, *Duda v Rouse Constr. Corp.,* 32 NY2d 405). The premise of the exemption is that strict liability under the Labor Law should not be imposed upon owners " 'who are not in a position to know about, or provide for the responsibilities of absolute liability' " (*Cannon v Putnam,* 76 NY2d 644, 649, quoting from Recommendation of NY Law Rev Commn, reprinted in 1980 McKinney's Session Laws of NY, at 1658).

In the instant case, there is no evidence that Arline Schweitzer, who possessed no knowledge of construction, had any role in supervising, directing, or controlling the work on her premises. She did not provide or suggest that any particular tools, materials, or safety devices be utilized. The conclusory allegations by the plaintiff that she directed or controlled his work are insufficient to defeat a motion for summary judgment (see, *Reyes v Silfies,* 168 AD2d 979; *Edwards v Ackerman,* 157 AD2d 770). Moreover, although the plaintiff asserted that she occasionally expressed approval or disapproval of the work as it progressed and made certain general decisions, such actions "[were] no different than the type of control any homeowner has over work being done in his or her home" (*Schwartz v Foley,* 142 AD2d 635, 636; see also,

*Danish v Kennedy,* 168 AD2d 768). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.