■ ROBERT R. PATTERSON et al., Appellants, v LORENZINA PASA, Respondent, et al., Defendants. (And a Third-Party Action.) [611 NYS2d 327] —Peters, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered February 11, 1993 in Otsego County, which granted defendant Lorenzina Pasa's motion for summary judgment dismissing the complaint against her.

Plaintiff Robert R. Patterson (hereinafter plaintiff) was an employee of Vern-Bailey's Contracting (hereinafter Bailey), which was hired by defendant Lorenzina Pasa to shingle over the existing roof at her single-family dwelling located in the Town of Davenport, Delaware County. Bailey was to provide all of the equipment necessary to perform the work on this project. Plaintiff was assigned to the Pasa project.

Pasa, a 70-year-old widow and retired school teacher, was aware of an accident involving another Bailey employee during the roofing project at her home and was similarly aware that one of the ladders supplied by Bailey had become cracked and inoperable. After having heard plaintiff complain about the lack of ladders at the work site, Pasa advised plaintiff that there was an aluminum ladder hanging under the eaves of her garage which plaintiff could use should he so desire. Plaintiff thereafter used Pasa's ladder as a base for scaffolding

along with a ladder supplied by Bailey. On the morning of July 8, 1986, the Pasa ladder buckled causing plaintiff to fall approximately 19 feet.

Plaintiff and his wife commenced this action against Pasa, among others, alleging negligence and violations of Labor Law §§ 200, 240 and 241. Following joinder of issue, Pasa moved for summary judgment seeking dismissal of the complaint against her. Supreme Court granted Pasa's motion, finding that defendant was entitled to the exemption afforded to owners of one or two-family dwellings under Labor Law §§ 240 and 241.

On this appeal, plaintiffs contend that Pasa was not entitled to the exemptions from strict liability contained in Labor Law §§ 240 and 241 because Pasa provided the defective equipment which proximately caused the subject accident. We disagree.

It is clear from the record before us that, although Pasa was present throughout much of the work and was aware of the earlier incident whereby a Bailey worker fell from a ladder supplied by Bailey, it is undisputed that Pasa had absolutely no control over the organization of the worksite, did not direct the order in which the work was to be done, who was to do what task first or establish a timetable for completion. Moreover, although Pasa offered the use of her ladder when Bailey failed to provide plaintiff with appropriate or adequate equipment to complete the job, it is undisputed that Pasa did not direct plaintiff as to how to use the ladder in the performance of his work. We therefore find that the mere offer of the ladder to plaintiff without warning was insufficient to create a triable issue of fact as to whether Pasa exercised sufficient direction or control over the method and manner of work so as to deny her the protection afforded by the aforementioned exemption from strict liability in Labor Law §§ 240 and 241 (see, Stephens v Tucker, 184 AD2d 828, 829; Valentia v Giusto, 182 AD2d 987; see also, McAdam v Sadler, 170 AD2d 960, lv denied 77 NY2d 810; Reyes v Silfies, 168 AD2d 979).

We further find that Supreme Court was correct in dismissing plaintiffs' Labor Law § 200 cause of action against Pasa. As previously noted, she neither "supervised nor controlled the performance of the work, nor had knowledge of any hazard not inherent in the very work being performed" (Stephens v Tucker, supra, at 829). Hence, not having " 'the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition' " (Walsh v Sweet Assocs., 172 AD2d 111, 113, lv denied 79 NY2d 755, quoting Russin v Picciano & Son, 54 NY2d 311, 317 [emphasis

in original]; *see also, Rapp v Zandri Constr. Corp.,* 165 AD2d 639, 642), the dismissal of plaintiffs' complaint was proper.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.