■ JOHN KOLAKOWSKI et al., Respondents, v MYLES FEENEY, Appellant, et al., Defendants. [612 NYS2d 243] —In an action to recover damages for personal injuries, etc., the defendant Myles Feeney appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 30, 1992, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The appellant, by oral agreement, hired Michael Cerbone to perform framing and roofing on a house owned by him in Centereach, New York. Cerbone hired the plaintiff John Kolakowski to assist in the roofing. The plaintiff John Kolakowski was injured when he fell from a scaffold that had been erected by Cerbone. The plaintiffs commenced the instant action against Cerbone and his corporation and the appellant to recover damages for negligence and violations of Labor Law §§ 200, 240, and 241. The appellant moved for summary judgment dismissing the complaint insofar as it is asserted against him. The Supreme Court denied the motion, finding that there were questions of fact regarding the role of the appellant. We reverse.

For an owner of a one or two-family residential dwelling to be subject to liability under Labor Law §§ 240 or 241, the plaintiff must prove that the owner "direct[ed] or control[led]" the work being performed (see, Labor Law §§ 240, 241; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515; *Kelly v Bruno & Son,* 190 AD2d 777). The phrase "direct or control" is construed strictly and refers to the situation where the " 'owner supervises the method and manner of the work' "

*(Spinillo v Strober Long Is. Bldg. Material Ctrs., supra,* at 516, quoting *Rimoldi v Schanzer,* 147 AD2d 541, 545; *see also, Duda v Rouse Constr. Corp.,* 32 NY2d 405, 409).

The plaintiffs contend that a question of fact exists as to the appellant's direction and control of the work, because the appellant effectively acted as his own general contractor by performing some of the work himself and supervising the renovation. However, there is no evidence in the record that the appellant directed or controlled Kolakowski in the method or manner of his work. The plaintiffs concede that Kolakowski had never met the appellant and that the appellant was not present at the site on the day of the accident. Moreover, the appellant did not supply or erect the scaffolding. Under these circumstances, the exception contained in Labor Law §§ 240 and 241 is applicable to the appellant and summary judgment should have been granted *(see, Patterson v Pasa,* 203 AD2d 866; *Sarvis v Maida,* 173 AD2d 1019; *Devodier v Haas,* 173 AD2d 437; *Sotire v Buchanan,* 150 AD2d 971; *Schwartz v Foley,* 142 AD2d 635).

Additionally, there is nothing in the record which suggests that the plaintiffs' injuries were occasioned by the appellant's plant, tools, or methods of performing the task at hand. The record establishes that Cerbone supplied the equipment and erected the scaffold and there is no evidence that the appellant had actual or constructive knowledge of any defect in the scaffold. Therefore, the plaintiffs' Labor Law § 200 and common-law negligence cause of action must also be dismissed *(see, Kesselbach v Liberty Haulage,* 182 AD2d 741; *Devodier v Haas,* 173 AD2d 437, *supra).* Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.