■ KEVIN MCGUINESS, Respondent-Appellant, v CONTEMPORARY INTERIORS et al., Defendants, and VICTOR NOVELLO et al., Appellants-Respondents. [613 NYS2d 697] —In an action to recover damages for personal injuries, the defendants Victor and Donna Novello appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 4, 1992, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's common law negligence claims insofar as they are asserted against them. The plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendants Victor and Donna Novello which was for summary judgment

dismissing his causes of action predicated upon, *inter alia,* Labor Law §§ 240 and 241.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Victor and Donna Novello which was for summary judgment on the causes of action predicated upon common law negligence is granted, the complaint is dismissed insofar as it is asserted against them, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is otherwise affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants Victor and Donna Novello are awarded one bill of costs payable by the plaintiff.

Contrary to the plaintiff's contentions, the Supreme Court correctly granted so much of the appellants' motion for summary judgment as dismissed his liability claims predicated upon Labor Law §§ 240 and 241. The appellants demonstrated, as a matter of law, that they owned a one family house, which was being converted into a two family house, and that they did not exercise any direction or control over the manner or method of the work being performed *(Farmer v Davidson,* 203 AD2d 513; *Kolakowski v Feeney,* 204 AD2d 693; *see also, Patterson v Pasa,* 203 AD2d 866). The evidence established that the appellants merely provided instructions about aesthetic design matters which do not constitute the kind of control necessary to overcome the statutory exemption from liability *(Sanna v Potter,* 179 AD2d 982), nor does retention of the limited power of general supervision constitute direction and control as those terms are used in Labor Law §§ 240 and 241 *(Blackwood v Chemical Corn Exch. Bank,* 4 AD2d 656, 657). Here, the homeowners' involvement was no more extensive than would be expected of the ordinary homeowner who hires a contractor to remodel his home, and accordingly, direction and control does not exist *(Sotire v Buchanan,* 150 AD2d 971, 972; *Schwartz v Foley,* 142 AD2d 635; *see also, Devodier v Haas,* 173 AD2d 437).

However, the Supreme Court erred insofar as it denied that branch of the appellants' motion as sought to dismiss the plaintiff's common law negligence claims. Initially, we note that the complaint did not expressly assert any common law negligence claims. However, even assuming that the court correctly inferred their existence, the homeowners demonstrated their freedom from liability. As codified in Labor Law § 200 *(see, Lombardi v Stout,* 80 NY2d 290) the common law

duty owed by a landowner to laborers will not give rise to liability unless the property owner had constructive or actual knowledge of the dangerous condition *(see, Leon v Peppe Realty Corp.,* 190 AD2d 400). Moreover, it is settled that "[a]n owner's duty to provide a safe workplace 'does not extend to injuries arising from a defect in the contractor's own * * * methods or through negligent acts of the contractor occurring as a detail of the work' " *(Kelly v Bruno & Son,* 190 AD2d 777, 778, quoting *Rimoldi v Schanzer,* 147 AD2d 541, 546; *see also, Lombardi v Stout,* 80 NY2d 290, *supra).* Rather, when such a claim arises from a contractor's methods or materials, an owner may be liable under Labor Law § 200 only if he or she exercised some supervisory control over the construction *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Mendoza v Cornwall Hill Estates,* 199 AD2d 368). In the instant case, the appellants demonstrated that they exercised no control over the construction and had no notice of any dangers. Accordingly, the appellants have established that the plaintiff has no viable common law negligence claims against them and their motion for summary judgment should have been granted in toto.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.