■ LARS JACOBSEN et al., Appellants, v EPHRAIM GROSSMAN et al., Defendants and Third-Party Plaintiffs-Respondents. JACOBSEN CHIPPA CONSTRUCTION INC., Third-Party Defendant-Respondent. [614 NYS2d 62] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 9, 1992, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs.

There is no merit to the plaintiffs' contention that the defendant homeowners were not entitled to the exemption under Labor Law §§ 240 and 241 for the owners of one and

two-family dwellings who do not direct or control the work. The evidence indicates that the defendants were only concerned with the finished product, such as whether to construct a room in space allocated to the garage, or whether to add a porch to the master bedroom. It is undisputed that the defendants did not tell the injured plaintiff how to perform his work. Therefore, it cannot be said that the defendant owners supervised the method or manner of the work *(see, Kolakowski v Feeney,* 204 AD2d 693; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515; *Devodier v Haas,* 173 AD2d 437; *Schwartz v Foley,* 142 AD2d 635). Labor Law § 200 and negligence claims were properly dismissed since the alleged defect or dangerous condition arose from the contractor's methods of operation, and the defendants exercised no supervisory control over the activity bringing about the injury *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Lombardi v Stout,* 80 NY2d 290; *Vilardi v Berley,* 201 AD2d 641). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.