■ WILLIAM VALENTIN, Respondent, v THIRTY-FOUR SQUARE
CORPORATION et al., Defendants and Third-Party Plaintiffs-
Appellants. BROOKLYN QUEENS CABLE TELEVISION, Third-Party
Defendant-Appellant. (And Another Third-Party Action.) [643
NYS2d 157] —In an action to recover damages for personal
injuries, the defendants third-party plaintiffs appeal from so
much of an order of the Supreme Court, Queens County (Rut-
ledge, J.), entered February 27, 1995, as denied their motion
for summary judgment dismissing the complaint, and the third-
party defendant separately appeals from so much of the same
order as denied its cross motion for summary judgment dismiss-
ing the complaint and the third-party complaint.

Ordered that the order is reversed insofar as appealed from,
the motions are granted, and the complaint and the third-
party complaint are dismissed; and it is further,

Ordered that the defendants and third-party defendant, ap-

pearing separately and filing separate briefs, are awarded one bill of costs payable by the plaintiff.

The plaintiff, an installer of television cable, was allegedly injured when he fell from a ladder while removing old cable from the side of a house owned by the defendants Spiros Moshopoulos and Katherine Moshopoulos. At the time of the fall, the house was the site of certain construction being performed by the defendant Thirty-Four Square Corporation (hereinafter Thirty-Four Square). Spiros Moshopoulos is the owner of Thirty-Four Square. The plaintiff commenced this action against all three defendants, alleging violations of Labor Law §§ 200, 240, and 241 as well as the common law. We now reverse the Supreme Court's denial of summary judgment to the defendants and third-party defendant.

In order to impose liability on the owner of a one or two-family dwelling pursuant to either Labor Law § 240 or 241, it must be shown that the owner directed or controlled the work being performed (*Spinillo v Strober Long Is. Bldg. Material Ctrs.*, 192 AD2d 515; *Kelly v Bruno & Son*, 190 AD2d 777). The phrase "direct or control" is to be strictly construed (*Kolakowski v Feeney*, 204 AD2d 693) and refers to a situation where the owner "supervises the method and manner of work, can order changes in the specifications, reviews the progress and details of the job with the general contractor, and/or provides the equipment necessary to perform the work" (*Devodier v Haas*, 173 AD2d 437, 438). Here, the record reveals that neither Spiros nor Katherine Moshopoulos directed or controlled the plaintiff's activities. To the contrary, although Katherine Moshopoulos made the initial request that the old cables be removed, the plaintiff refused to act until directed to by his employer. Further, the plaintiff selected his own methods and used his own ladder.

A general contractor may be held absolutely liable to an employee or independent contractor for violations of Labor Law §§ 240 and 241 (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513). Here, the plaintiff was not an actual employee of Thirty-Four Square. However, he argues, Thirty-Four Square may still be held liable because the removal of the old cables was actually work performed for its benefit at the behest of its "agent" Katherine Moshopoulos. Further, he argues, because Katherine Moshopoulos was acting as an agent for Thirty-Four Square, she is not entitled to the exemption she would otherwise be given as the owner of a one- or two-family dwelling (*see, Zimmer v Chemung County Performing Arts, supra*). However, there is no evidence that Katherine Mosho-

poulos had the authority to act or was in fact acting as an agent for Thirty-Four Square at any relevant time. Accordingly, the plaintiff's claims against Thirty-Four Square and the individual defendants pursuant to Labor Law §§ 240 and 241 must be dismissed.

Further, the plaintiff's remaining causes of action against the defendants pursuant to Labor Law § 200 and under the common law must also be dismissed. "An implicit precondition to [the duty to provide a safe place to work pursuant to Labor Law § 200 or under the common law] is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son,* 54 NY2d 311, 317). Here, the record reveals that none of the defendants had such control over the plaintiff's activities. Accordingly, the complaint and the third-party complaint which arises therefrom must be dismissed. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.