■ PATRICK MALLOY, Appellant, v MARIE A. HANACHE, Respondent. [647 NYS2d 841] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered August 22, 1995, which, *inter alia,* granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, the Director of the Campus Health Center at Hofstra University, contracted for the construction of an addition to her home. The plaintiff, a carpenter on the job, fell

from the roof and sustained injuries. The plaintiff asserts that questions of fact exist as to whether the defendant is liable pursuant to Labor Law §§ 200, 240, and 241 (6).

Before the owner of a one-family dwelling may be subject to liability under Labor Law §§ 240 or 241, the evidence must demonstrate that he or she directed or controlled the work being performed (*see, Kelly v Bruno & Son,* 190 AD2d 777). "The phrase 'direct or control' is construed strictly and refers to the situation where 'the owner supervises the method and manner of the work'" (*Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515, 516). Contrary to the plaintiff's contentions, there is no evidence to support the assertions that the defendant's home was used as a medical office, or that the defendant directed or controlled the construction. Likewise, there is no evidence to support the contention that the defendant is liable pursuant to Labor Law § 200. There is no evidence that she exercised supervision and control over the work performed at her home, or had actual or constructive notice of the unsafe condition causing the accident (*see, Seaman v A.B. Chance Co.,* 197 AD2d 612, 613).

We have examined the plaintiff's remaining contentions and find they are without merit. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.