(December 16, 1996)

■ GEORGE E. BARNES et al., Appellants, v JOHN LUCAS et al., Defendants and Third-Party Plaintiffs-Respondents. COLLINS TREE SERVICES, Third-Party Defendant-Respondent. [650 NYS2d 803] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered November 9, 1995, which granted the separate motions by the defendants and the third-party defendant for summary judgment dismissing the complaint and denied their separate motions for summary judgment and to strike the answer of the defendants.

Ordered that the order and judgment (one paper) is affirmed, with costs.

For the owners of a one- or two-family residential dwelling to be liable for damages for personal injuries under Labor Law § 240 (1), the plaintiffs must prove that they directed or controlled the work performed *(see,* Labor Law § 240 [1]). This has been interpreted to mean that the owners must have supervised the method and manner of the work *(see, Kolakowski v Feeney,* 204 AD2d 693; *Spinillo v Stober Long Is. Bldg. Material Ctrs.,*

192 AD2d 515). The undisputed facts here show that the defendant owners John and Vicki Lucas did not supervise the method and manner of the work performed at their residence (*see, Kolakowski v Feeney, supra; Kostyj v Babiarz,* 212 AD2d 1010). Furthermore, since the plaintiff George Barnes was injured through the dangerous condition he had undertaken to fix, the plaintiffs cannot recover against the defendants under either a theory of common law negligence or breach of Labor Law § 200 (*see, Kowalsky v Conreco,* 264 NY2d 674; *Skinner v G & T Realty Corp.,* 232 AD2d 627).

The plaintiffs' remaining contentions do not warrant reversal. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.