■ MILTON GUERRERO, Appellant, v ROBERT P. BRILLA, Respondent. [657 NYS2d 919] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered March 22, 1996, which, upon an order of the same court entered February 28, 1996, granting the defendant's motion for summary judgment, is in favor of the defendant and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, employed by a contracting company hired to remove a tree from the defendant's property, was injured when he fell from the tree. The plaintiff alleged that the defendant was liable under Labor Law §§ 200 and 240 (1).

The plaintiff failed to raise a triable issue of fact regarding his allegation that the defendant exercised supervision and control over the work, and, therefore, there is no basis for liability under Labor Law § 200 *(see, Lombardi v Stout,* 80 NY2d 290; *McGuinness v Contemporary Interiors,* 205 AD2d 739; *Patterson v Pasa,* 203 AD2d 866; *Sanna v Potter,* 179 AD2d 982). Further, as the owner of a single family dwelling who neither directed nor controlled the work on the property, the defendant was exempted from strict liability under Labor Law § 240 (1) *(see, Lombardi v Stout, supra; Porrata v Pomareda,* 236 AD2d 379; *McGuinness v Contemporary Interiors, supra).* Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.