■ WILLIAM KILLIAN, Appellant, v JOHN VESUVIO et al., Respondents, et al., Defendants. (And a Third-Party Action.) [676 NYS2d 676] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered October 2, 1997, which granted the motion of the defendants John Vesuvio and Joanna Vesuvio for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to the defendant homeowners. An owner of a one- or two-family dwelling is subject to liability under Labor Law §§ 240 or 241 only if the evidence demonstrates that he or she directed or controlled the work being performed (*see, Barnes v Lucas,* 234 AD2d 405; *Malloy v Hanache,* 231 AD2d 693). Direction and control will be found where the owner "supervises the method and manner of the work, can order changes in the specifications, reviews the progress and details of the job with the general contractor, and/or provides the equipment necessary to perform the work" (*Devodier v Haas,* 173 AD2d 437, 438; *Valentin v Thirty-Four Sq. Corp.,* 227 AD2d 467, 468).

The record reveals that the defendant John Vesuvio visited the premises on a daily basis to observe the work being performed by the contractor hired to frame the one-family house, and that he reviewed the blueprints and discussed general matters with the contractor. The plaintiff alleges that Ve-

suvio also assisted in performing some of the construction work. However, Vesuvio has no background in the construction field, and there is no evidence that he ever gave any instructions or directions to the contractor's employees, or that he controlled the method and manner of their work. Indeed, the plaintiff testified at his deposition that he and Vesuvio spoke only to exchange greetings. Furthermore, it is undisputed that the contractor provided the tools used at the site, and constructed the wooden ramp the plaintiff was standing upon at the time of his fall. Under these circumstances, the Supreme Court properly found that the homeowners are entitled to the statutory exemption from liability under the Labor Law (*see, Lane v Karian,* 210 AD2d 549; *Jacobsen v Grossman,* 206 AD2d 405; *McGuiness v Contemporary Interiors,* 205 AD2d 739; *Kolakowski v Feeney,* 204 AD2d 693; *Spinello v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.