■ GLENN SLETTENE, Appellant, v LESLIE GINSBURG, Defendant and Third-Party Plaintiff-Respondent. JACOBSEN-CHIPPA

CONSTRUCTION, Third-Party Defendant. [684 NYS2d 296] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated December 12, 1997, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action in the complaint premised on alleged violations of Labor Law §§ 240 and 241.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent.

Contrary to the plaintiff's contention, there is ample evidence in the record to support the Supreme Court's conclusion that the actions of the defendant owner of the premises were merely those of an ordinary concerned homeowner and did not rise to the level of directing or controlling the manner or method of the plaintiff's performance of his work (*see, e.g., Kostyj v Babiarz,* 212 AD2d 1010; *Lane v Karian,* 210 AD2d 549; *Kolakowski v Feeney,* 204 AD2d 693; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515). Indeed, both the plaintiff and his employer, the third-party defendant, admitted that the employer instructed the plaintiff regarding which work was to be done and the manner in which it was to be performed, and that the defendant never gave any such instruction and did not provide any tools or safety equipment to the workers (*see, Valentin v Thirty-Four Sq. Corp.,* 227 AD2d 467; *Lieberth v Walden,* 223 AD2d 978). Accordingly, the defendant succeeded in demonstrating that he was entitled to the homeowner's exemption under Labor Law §§ 240 and 241, and the Supreme Court properly granted those branches of his motion which were for summary judgment dismissing the causes of action premised on alleged violations of Labor Law §§ 240 and 241. Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.