■ JAIME E. RODAS, Appellant, v DAVID J. WEISSBERG, Respondent. [690 NYS2d 116] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 2, 1998, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the Supreme Court erred in dismissing his causes of action to recover damages under Labor Law §§ 240 and 241 (6) against the defendant homeowner because there is a triable issue of fact as to whether the defendant exercised control and supervision over the work site in

the capacity of a general contractor. We disagree. An owner of a one- or two-family dwelling is subject to liability under Labor Law §§ 240 or 241 only if he or she directed or controlled the work being performed (*see, Killian v Vesuvio,* 253 AD2d 480; *Barnes v Lucas,* 234 AD2d 405; *Malloy v Hanache,* 231 AD2d 693). The phrase "direct and control", as used in the statute, has been given a strict construction, and refers to a situation where the owner "supervises the method and manner of work, can order changes in the specifications, reviews the progress and details of the job with the general contractor, and/or provides the equipment necessary to perform the work" (*Valentin v Thirty-Four Sq. Corp.,* 227 AD2d 467, 468; *Malloy v Hanache, supra*). Here, the record is devoid of any evidence that the defendant, a physician with no background in the construction field, supervised or directed the carpentry work which the plaintiff was performing at the time of his accident. Indeed, it is undisputed that the defendant was in Florida on the date of the accident. Moreover, the defendant did not become a general contractor, responsible for supervising the entire construction project and enforcing safety standards, by virtue of the fact that he hired separate contractors to perform different aspects of the renovation and enlargement of his home (*see, Lane v Karian,* 210 AD2d 549; *Kolakowski v Feeney,* 204 AD2d 693; *cf., Relyea v Bushneck,* 208 AD2d 1077). Under these circumstances, the Supreme Court properly concluded that the defendant cannot be held liable for the plaintiff's injuries under the Labor Law (*see, Killian v Vesuvio, supra; Kolakowski v Feeney, supra*). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.