■ BRUCE EDGAR et al., Appellants, v CARLOS MONTECHIARI et al., Respondents, et al., Defendant. [706 NYS2d 117] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), dated February 24,

1999, which granted the motion of the defendants Carlos Montechiari and Monica Montechiari to set aside a jury verdict in favor of the plaintiffs on the issue of liability and dismissed the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Bruce Edgar allegedly sustained injuries when, while on a ladder, the patio roof he was working on collapsed on top of him. Bruce Edgar commenced this action to recover damages for personal injuries against the homeowners and contractor, asserting claims under Labor Law § 240 (1); § 200, and common-law negligence. His wife was also named as a plaintiff, asserting a derivative claim. After trial, the Supreme Court granted the motion of the defendant homeowners, the respondents Carlos and Monica Montechiari, to set aside the verdict against them and for entry of judgment in their favor as a matter of law. We affirm.

Labor Law § 240 (1) imposes a nondelegable duty on all owners to provide proper protection to workers whose duties expose them to elevation-related hazards, regardless of whether they actually direct, control, or supervise the worksite (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Haimes v New York Tel. Co.,* 46 NY2d 132). One- and two-family homeowners, however, are exempted from liability under this statute as long as they do not direct or control the work contracted for (*see,* Labor Law § 240). A homeowner will be found to have directed and controlled the work where he or she supervises the method or manner of the work (*see, Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515). Instructions about aesthetic design matters, or retention of the limited power of general supervision, do not constitute direction and control as those terms are used in Labor Law § 240 (*see, McGuiness v Contemporary Interiors,* 205 AD2d 739, 740).

The respondents' involvement in the work on their one-family house was that of any homeowner whose home was being remodeled. Indeed, their concerns with the construction related to the cosmetic appearance of the finished structure. Since the respondents' involvement was no more extensive than would be expected of the ordinary homeowner who hires a contractor to remodel his or her home, the requisite direction and control to support a finding of liability under Labor Law § 240 have not been established (*see, Sotire v Buchanan,* 150 AD2d 971, 972; *Schwartz v Foley,* 142 AD2d 635; *see also, Devodier v Haas,* 173 AD2d 437).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.