■ JOSE D. DUARTE et al., Respondents, v EAST HILLS CONSTRUCTION CORP., Defendant, FRANK GABRIELLI, Respon-

dent, and ARMANDO GABRIELLI, Appellant. (And a Third-Party Action.) [711 NYS2d 182] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Armando Gabrielli appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 30, 1999, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff Jose Daniel Duarte was injured when he fell from a ladder while doing framing work on a house owned by the appellant, Armando Gabrielli. The plaintiffs commenced the instant action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion, finding that there were questions of fact regarding his role in the performance of the work. We reverse.

An owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) or § 241 (6) only if he or she directed or controlled the work being performed (*see, Barnes v Lucas,* 234 AD2d 405; *Malloy v Hanache,* 231 AD2d 693). "The phrase 'direct or control' is construed strictly and refers to a situation where the ' "owner supervises the method and manner of the work" ' " (*Kolakowski v Feeney,* 204 AD2d 693).

The plaintiffs contend that the appellant effectively acted as his own general contractor by hiring subcontractors and that he told tradesmen to change certain aspects of the project and complete various tasks. However, there is no indication in the record that the appellant directed or controlled the injured plaintiff in the method or manner of his work. Indeed, there is no evidence that the appellant ever met the injured plaintiff or was at the site on the day of the accident. Moreover, the appellant had no background in construction or building renovation and did not supply the ladder from which the injured plaintiff fell, or any other equipment. Under these circumstances, there is no triable issue of fact and the appellant is entitled to summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6) (*see, e.g., Killian v Vesuvio,* 253 AD2d 480; *Lieberth v Walden,* 223 AD2d

978; *Jacobsen v Grossman,* 206 AD2d 405; *Kolakowski v Feeney,* 204 AD2d 693; *Spinillo v Strober Long Is. Bldg. Materials Ctrs.,* 192 AD2d 515).

Additionally, there is no evidence in the record that the appellant had actual or constructive notice of any defect in the ladder or that he controlled the method or manner in which the work was performed. Thus, the appellant is entitled to summary judgment dismissing the causes of action pursuant to Labor Law § 200 and for common-law negligence (*see, Kolakowski v Feeney, supra*). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.