■ JOSEPH ANGELUCCI et al., Respondents, v BENJAMIN SANDS et al., Defendants and Third-Party Plaintiffs, et al., Defendant. LIPPOLIS ELECTRIC, INC., Third-Party Defendant-Appellant. [747 NYS2d 798]

Defendant. LIPPOLIS ELECTRIC, INC., Third-Party Defendant-Respondent. [748 NYS2d 757]

The injured plaintiff, an electrician employed by the third-party defendant, was injured when he received an electric shock and fell from a ladder while upgrading the electrical service at the home of the defendants third-party plaintiffs (hereinafter the defendants) in Tarrytown. The plaintiffs sought recovery, inter alia, pursuant to Labor Law §§ 200 and 240 (1), contending that one of the defendants sufficiently directed and controlled the injured plaintiff's work so that the defendants were not entitled to the protection of the one- or two-family homeowner exemption of Labor Law § 240 (1), and are liable for his injuries under Labor Law § 200 and principles of common-law negligence. The third-party defendant moved for summary judgment dismissing the complaint and third-party complaint, contending, inter alia, that the defendants are entitled to the protection of the Labor Law § 240 (1) one- or two-family homeowner exemption since coordinating the tradespeople's work schedules cannot be considered work direction sufficient to expose the defendants to liability, and the defendants had no duty to the injured plaintiff under either Labor Law § 200 or the common law since the hazardous condition arose from his own dangerous work methods. The Supreme Court denied the motion.

At the end of the trial, the Supreme Court dismissed the plaintiffs' Labor Law §§ 200 and 240 (1) claims as a matter of law, finding that the defendants did not direct or control the injured plaintiff's work and had no knowledge of his hazardous work methods. The court submitted the negligence cause of action to the jury and it returned a verdict in favor of the defendants on the issue of negligence. The Supreme Court

entered judgment in favor of the defendants and third-party defendant and against the plaintiffs. The plaintiffs appeal.

The homeowner exemption incorporated in Labor Law § 240 (1) is construed very strictly in favor of the homeowners because such homeowners generally do not have the business sophistication to obtain the insurance required to protect them from the absolute liability imposed upon them by the statute (*see Lombardi v Stout,* 80 NY2d 290; *Duarte v East Hills Constr. Corp.,* 274 AD2d 493). The defendants decided not to hire a general contractor, and decided that the defendant Benjamin Sands would coordinate the schedules of the various tradespeople and remain on the job site to answer their questions. On the day of the accident, when Sands was informed that the electrical meter was locked, he requested that the injured plaintiff do what was necessary in order to proceed with the job, requested that he provide temporary power for the other tradespeople, and requested that he complete that part of the upgrade which would require disconnecting the electricity during the other contractors' lunch hour. However, it is clear that these acts, without any specific direction as to how the injured plaintiff was to accomplish any of the above, do not constitute direction or control over the manner or method of the injured plaintiff's work (*see Edgar v Montechiari,* 271 AD2d 396; *Rodas v Weissberg,* 261 AD2d 465; *Killian v Vesuvio,* 253 AD2d 480; *cf. Young v Krawczyk,* 223 AD2d 966; *Chura v Baruzzi,* 192 AD2d 918; *Emmi v Emmi,* 186 AD2d 1025). In that regard, the defendants are entitled to the protection of the homeowner exemption of Labor Law § 240 (1).

Additionally, since the defendants did not exercise supervisory control over the injured plaintiff's work, and the injuries were the result of the injured plaintiff's own hazardous work methods, the defendants did not owe either a statutory or a common-law duty to the plaintiffs (*see Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136; *Richichi v Construction Mgt. Technologies,* 244 AD2d 540; *Heilmann v Bronx Riv. Assoc.,* 204 AD2d 393; *Kelly v Bruno & Son,* 190 AD2d 777).

The remaining contentions are without merit or do not require reversal.

We note that not only were the determinations after trial in favor of the defendants and third-party defendant proper but that the third-party defendant's pretrial motion for summary judgment dismissing the complaint and third-party complaint (*see Angelucci v Sands,* 297 AD2d 764 [decided herewith]), should have been granted. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.