■ BARRY DECAVALLAS et al., Appellants, v ANTONIOS PAPPANTONIOU et al., Respondents, et al., Defendants. [752 NYS2d 712] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated October 26, 2001, which denied their motion to strike the answer of the defendants Antonios Pappantoniou and Katherine Pappantoniou, granted the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them, and granted the cross motion of the defendant Cambria Home Remodeling Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

It is well settled that "the determination whether or not to strike a pleading lies within the sound discretion of the court" (*Ploski v Riverwood Owners Corp.,* 284 AD2d 316, 317). However, "[w]henever possible, actions should be resolved on the merits" (*Mohammed v 919 Park Place Owners Corp.,* 245

AD2d 351, 352). Accordingly, "[t]he drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Garcia v First Spanish Baptist Church of Islip,* 259 AD2d 465). Contrary to the plaintiffs' contentions, the Supreme Court providently exercised its discretion, in that the defendants Antonios Pappantoniou and Katherine Pappantoniou generally provided the requested discovery, and the record is devoid of evidence demonstrating that their conduct was willful, contumacious, or in bad faith (*see Payne v Rouse Corp.,* 269 AD2d 510).

An owner of a one- or two-family dwelling is subject to liability under Labor Law §§ 240 or 241 only if the evidence demonstrates that the owner directed or controlled the work being performed (*see* Labor Law §§ 240, 241; *Edgar v Montechiari,* 271 AD2d 396, 397; *Rodas v Weissberg,* 261 AD2d 465; *Killian v Vesuvio,* 253 AD2d 480; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515). The phrase "direct or control" is construed strictly and refers to a situation where the owner supervises the method or manner of the work (*see Edgar v Montechiari, supra* at 397). Instructions about aesthetic design matters, or retention of the limited power of general supervision, do not constitute "direction" or "control" as those terms are used in Labor Law § 240 (*see Edgar v Montechiari, supra* at 397; *see also McGuiness v Contemporary Interiors,* 205 AD2d 739, 740).

The defendant Antonios Pappantoniou's involvement in the work on his one-family house was that of any homeowner whose home was being remodeled. He merely told the injured plaintiff that water had leaked from the roof into the interior of his home the night before and asked what could be done about it. Pappantoniou's concerns with the leak in the roof fell under his power of general supervision over the work conducted at his home (*see Spinillo v Strober Long Is. Bldg. Material Ctrs., supra*). Since Pappantoniou's involvement was no more extensive than would be expected of the ordinary homeowner who hires a contractor to remodel his or her home, no issue of fact was raised as to the requisite direction or control to support a finding of liability under Labor Law §§ 240 or 241 (*see Edgar v Montechiari, supra; Rodas v Weissberg, supra; Killian v Vesuvio, supra*).

For an owner to be held liable under Labor Law § 200, a plaintiff must show that the owner supervised or controlled the work performed or that the owner had actual or constructive notice of the unsafe conditions that caused the accident (*see*

*Cuartas v Kourkoumelis,* 265 AD2d 293; *Giambalvo v Chemical Bank,* 260 AD2d 432; *Diltz v Bowman,* 246 AD2d 623). Since there is no issue of fact raised as to whether the Pappantonious exercised control over the injured plaintiff's work or had knowledge of any unsafe condition that caused the accident, the plaintiffs' Labor Law § 200 claim must also be dismissed (*see Reyes v Silfies,* 168 AD2d 979, 980). Accordingly, the Supreme Court properly granted the Pappantonious' cross motion for summary judgment dismissing the complaint insofar as asserted against them.

The defendant Cambria Home Remodeling Corp. (hereinafter Cambria) established a prima facie case that it was entitled to summary judgment based on the exclusivity of the Workers' Compensation Law. It is well settled that controversies regarding the applicability of the Workers' Compensation Law rest within the primary jurisdiction of the Workers' Compensation Board (*see Botwinick v Ogden,* 59 NY2d 909), including issues as to the existence of an employer-employee relationship (*see Calhoun v Big Apple Wrecking Corp.,* 162 AD2d 574). In this case, the Workers' Compensation Board determined that the injured plaintiff was the employee of Cambria, and that he was injured during the course of his employment. The injured plaintiff was accordingly awarded workers' compensation benefits. This determination was final and binding (*see O'Connor v Midiria,* 55 NY2d 538; *Raphael v Sun Oil Co.,* 214 AD2d 720; *Santiago v Dedvukaj,* 167 AD2d 529; *Calhoun v Big Apple Wrecking Corp., supra*). Therefore, as there are no triable issues of fact raised by the plaintiffs, they may not maintain this action against Cambria (*see* Workers' Compensation Law § 29). Accordingly, the Supreme Court properly granted Cambria's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit.

We find no basis for the imposition of a sanction against the plaintiffs on this appeal (*see* CPLR 8303-a; *Karnes v City of White Plains,* 237 AD2d 574; *Ltown Ltd. Partnership v Sire Plan,* 108 AD2d 435, *mod* 69 NY2d 670). Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.