■ ROBERTO GARCIA et al., Respondents, v PETER PETRAKIS, Appellant, and BROOKVILLE DEVELOPERS et al., Respondents. [760 NYS2d 551] —In an action to recover damages for personal injuries, etc., the defendant Peter Petrakis appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 5, 2002, as, upon granting the plaintiffs' motion for leave to renew his prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, which was granted in a prior order of the same court dated May 25, 1999, vacated so much of the order dated May 25, 1999, as granted the motion for summary judgment, denied that motion, and reinstated the complaint and all cross claims insofar as asserted against him.

Ordered that the order dated April 5, 2002, is reversed insofar as appealed from, on the law, with costs, and upon renewal, so much of the order dated May 25, 1999, as granted the motion of the defendant Peter Petrakis for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is adhered to, and that portion of the order dated May 25, 1999, is reinstated.

The defendant Peter Petrakis retained the defendant Laurel Cove, Inc., to manage the construction of his one-family house. The injured plaintiff, Roberto Garcia, was employed by Tasos Antonopoulos, who owned the painting company hired to paint the house. Garcia allegedly sustained injuries when he fell from a ladder while painting an interior hallway in the house. He and his wife commenced this action to recover damages, inter alia, based on common-law negligence and violations of Labor Law §§ 200, 240, and 241. By order dated May 25, 1999, the Supreme Court, inter alia, granted Petrakis' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. By order dated April 5, 2002, upon renewal, the Supreme Court vacated so much of its order dated May 25, 1999, as granted Petrakis' motion for summary judgment, finding that there were triable issues of fact regarding his involvement in the construction. We reverse.

An owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) or § 241 (6) only if he or she

directed or controlled the work being performed (*see Duarte v East Hills Constr. Corp.,* 274 AD2d 493 [2000]; *Rodas v Weissberg,* 261 AD2d 465 [1999]; *Killian v Vesuvio,* 253 AD2d 480 [1998]). "The phrase direct or control is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*Kolakowski v Feeney,* 204 AD2d 693 [1994] [internal quotation marks omitted]; *see Duda v Rouse Constr. Corp.,* 32 NY2d 405, 409 [1973]). While the evidence indicates that Petrakis visited the site at least five times per week, reviewed plans with the architect, hired some subcontractors, and made general decisions, there is no evidence that Petrakis supervised, directed, or controlled the work of Garcia or any other painter (*see Slettene v Ginsburg,* 257 AD2d 656, 657 [1999]; *Killian v Vesuvio, supra*; *Schwartz v Foley,* 142 AD2d 635, 636-637 [1988]). Petrakis' involvement with the painters was minimal, and merely involved discussions about what portions of the house were ready to be painted and the color of paint to be utilized. Furthermore, there is no evidence that Petrakis provided tools, equipment, or safety devices to the workers at the site (*see Slettene v Ginsburg, supra*; *Killian v Vesuvio, supra* at 481; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515, 516 [1993]). The ladder from which Garcia allegedly fell was supplied by Antonopoulos.

Likewise, there is no evidence to support the plaintiffs' contention that Petrakis is liable for common-law negligence or pursuant to Labor Law § 200. For an owner to be held liable for common-law negligence or pursuant to Labor Law § 200, the plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition causing the accident (*see Cuartas v Kourkoumelis,* 265 AD2d 293 [1999]). Since there is no issue of fact as to whether Petrakis exercised control over the injured plaintiff's work or had knowledge of any unsafe condition that caused the accident, the plaintiffs' claims alleging common-law negligence and a violation of Labor Law § 200 must also be dismissed (*see Decavallas v Pappantoniou,* 300 AD2d 617 [2002]). Since Petrakis established a prima facie case for summary judgment and the plaintiff did not raise any triable issue of fact in opposition, the Supreme Court erred when, upon renewal, it vacated so much of its previous order as granted Petrakis' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.