■ PAVEL TOMECEK, Respondent, v WESTCHESTER ADDITIONS & RENOVATIONS, INC., Defendant, and LARRY MOY, Appellant. (And a Third-Party Action.) [948 NYS2d 671]—

The plaintiff was an employee of a subcontractor hired to construct an addition to the residence of the property owner, the defendant Larry Moy. The plaintiff was standing on a ladder placed alongside the foundation of the addition when he fell, sustaining injuries.

This action seeks to recover damages for violations of Labor Law §§ 200, 240 and 241, and common-law negligence. The plaintiff alleged, inter alia, that he was required to set up the ladder on uneven ground, thus creating an unsafe workplace, and that he was given dangerous or defective equipment with which to work. Moy moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Labor Law §§ 240 and 241 provide an exemption for owners of single and two-family houses such that liability can only be imposed where the homeowner directs or controls the work being performed (*see Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]; *Ortega v Puccia*, 57 AD3d 54 [2008]; *Maley v Grapstein*, 29 AD3d 648 [2006]; *Cardace v Fanuzzi*, 2 AD3d 557 [2003]; *Garcia v Petrakis*, 306 AD2d 315 [2003]). The term "direction and control of the work being performed" is strictly construed to mean that the homeowner oversees the method and manner of the work being performed (*see Walsh v Kresge*, 69 AD3d 612 [2010]; *Garcia v Petrakis*, 306 AD2d 315 [2003]; *Kolakowski v Feeney*, 204 AD2d 693 [1994]).

Moy demonstrated his entitlement to the homeowner's exemption by offering proof that he did not supervise, direct, or control the work being performed at his single-family home, but merely displayed typical homeowner interest in the ongoing construction process (*see Chowdhury v Rodriguez*, 57 AD3d at 127-128; *Cardace v Fanuzzi*, 2 AD3d 557 [2003]; *Garcia v Petrakis*, 306 AD2d 315 [2003]; *Kolakowski v Feeney*, 204 AD2d 693 [1994]). In opposition, the plaintiff failed to raise a triable

issue of fact regarding Moy's direction and control over the work being performed which led to his injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Moy offered proof that he did not create the allegedly uneven area of ground on which the plaintiff placed a ladder, and did not have notice of its existence. He therefore established, prima facie, his entitlement to judgment as a matter of law dismissing the causes of action under Labor Law § 200 and common-law negligence which were based on a dangerous or defective condition of the premises (*see Chowdhury v Rodriguez*, 57 AD3d at 128-129; *Ortega v Puccia*, 57 AD3d at 61). Moy also offered proof that he had no authority to supervise or control the means and method of the work being performed, and thus established prima facie entitlement to judgment as a matter of law based on a theory that the plaintiff was using dangerous or defective equipment (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52-53 [2011]; *Fried v Always Green, LLC*, 77 AD3d 788, 789 [2010]; *Ortega v Puccia*, 57 AD3d at 61; *Miller v Shah*, 3 AD3d 521, 523 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court should have granted Moy's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Florio, Lott and Miller, JJ., concur.