Hicks v Aibani (2018 NY Slip Op 00413)





Hicks v Aibani


2018 NY Slip Op 00413


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01981
 (Index No. 17329/13)

[*1]Rupert Hicks, appellant, 
v
Mohammed Azim Aibani, et al., respondents, et al., defendant.


Law Offices of Mark I. Koval, P.C., Dix Hills, NY (Avraham Goldberg of counsel), for appellant.
Fishman & Tynan, Merrick, NY (John Fishman and Maureen Tynan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered January 28, 2016, which, upon an order of the same court entered November 30, 2015, granting the motion of the defendants Mohammad Azim Aibani and Rukhsana Moledina-Aibani for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured while performing repair work at a one-family house owned by the defendants Mohammad Azim Aibani and Rukhsana Moledina-Aibani (hereinafter together the Aibanis). The plaintiff commenced this action to recover damages for personal injuries against the Aibanis and their contractor, the defendant Munesh Singh, alleging, inter alia, a violation of Labor Law § 241(6). The Supreme Court granted the Aibanis' motion for summary judgment dismissing the complaint insofar as asserted against them.
Contrary to the plaintiff's contention, the Supreme Court properly found that the statutory exemption contained in Labor Law § 241(6) applied to the Aibanis. Labor Law § 241(6) exempts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (see Pavon v Koral, 113 AD3d 830, 831). The phrase "direct or control" is "construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Miller v Shah, 3 AD3d 521, 522 [internal quotation marks omitted]; see Garcia v Petrakis, 306 AD2d 315, 316; Kolakowski v Feeney, 204 AD2d 693).
Here, it is undisputed that the Aibanis' house was a one-family dwelling. Moreover, the Aibanis established, prima facie, that they did not direct or control the work (see Chowdhury v Rodriguez, 57 AD3d 121, 127; Arama v Fruchter, 39 AD3d 678, 679-680; Garcia v Petrakis, 306 AD2d at 316). In opposition to the Aibanis' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Rodriguez v Mendlovits, 153 AD3d 566; Chowdhury v Rodriguez, 57 AD3d at 127; Garcia v Petrakis, 306 AD2d at 316). Given the lack of evidence that the Aibanis supervised the [*2]method and manner of the work, the limited evidence that Mohammad Azim Aibani may have previously worked in the construction industry and that the Aibanis had excess insurance coverage does not create a triable issue of fact (cf. Rodriguez v Gany, 82 AD3d 863, 863-864).
Accordingly, the Supreme Court properly granted the Aibanis' motion for summary judgment dismissing the complaint insofar as asserted against them.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court