■ AGNES MARTIN, Appellant, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Respondent, et al., Defendant.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 12, 1991, which, *inter alia,* denied plaintiff's and defendant City of New York's motions for leave to renew their opposition to an order of the same court entered February 20, 1991, and order of the same court, entered February 20, 1991, which granted defendant Triborough Bridge & Tunnel Authority's (TBTA) motion for summary judgment dismissing the complaint and all cross claims and counterclaims as against it, unanimously affirmed, without costs.

Plaintiff seeks to recover for personal injuries sustained when she tripped and fell on a pedestrian overpass. By decision dated July 13, 1990, defendant TBTA obtained summary judgment against plaintiff and co-defendant City of New York upon proof that although it built the overpass in 1946, it transferred ownership to the City in 1946 in a contract providing that the overpass was to be policed, lighted, and, except for snow removal, maintained by the City, and that

snow was not a factor in the accident. However, TBTA did not settle an order on this decision until January 30, 1991, the delay being due to the inability of its clerical service to obtain a copy of the decision. Thereafter, plaintiff and the City unsuccessfully moved for reargument and renewal based upon the affidavits of an engineer who attributed the hole in the pavement on which plaintiff allegedly tripped to poor design construction and maintenance by the City.

The IAS court did not abuse its discretion in denying the motions for renewal in view of the moving parties' failure to offer a valid reason for their lack of diligence in producing the engineer's affidavits on TBTA's motion for summary judgment, especially where the engineer had examined the overpass some two months before that motion was made.

Plaintiff's contention that TBTA's motion for summary judgment was premature because disclosure had not yet been completed is without merit, there being no proof that the information concerning maintenance was within TBTA's exclusive possession. Co-defendant City, which certainly would be expected to have knowledge concerning the maintenance issue, failed to come forward with any proof in evidentiary form on this point.

Finally, plaintiff's claim that TBTA's initial motion should have been deemed abandoned pursuant to 22 NYCRR 202.48 (a) for its failure to settle the order within 60 days is not preserved for appellate review, since no objection was raised at the time of settlement of the order. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ. [*See,* 182 AD2d 545.]