■ John Kelly, Appellant, v Bruno and Son, Inc., Defendant, and Steven Vouderis et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated November 30, 1990, which granted the motion of the defendants Steven Vouderis and Stacy Vouderis for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The defendants Steven Vouderis and Stacy Vouderis are the owners of a house located in Astoria, Queens. On August 4, 1987, the plaintiff, a bricklayer employed by a subcontractor performing masonry work, in the course of construction of the house, stepped onto the unfinished portion of a rear balcony. This balcony was constructed of steel beams, across which were strewn wooden planks. As the plaintiff stepped on one of these planks, the end of the plank went up, and the plaintiff sustained severe injuries when he was propelled off the balcony.

The plaintiff commenced suit against both the general contractor and the owners of the house, alleging causes of action predicated upon Labor Law §§ 200, 240, 241 and 241-a. The owners moved for summary judgment dismissing the complaint insofar as it is asserted against them, arguing that they were not liable for the plaintiff's injuries. The Supreme Court granted the motion and we affirm.

Generally, in order for the owners of a one-family residential dwelling to be subject to liability under Labor Law § 240 or § 241, the evidence must demonstrate that they "directed or controlled" the work being performed (see, Labor Law §§ 240, 241). If no such direction or control can be demonstrated, such owners are statutorily exempt from liability (see, Labor Law §§ 240, 241). "[F]or one person to be 'directed' by another, there must be supervision of the manner and method of the work to be performed. The words are to be construed strictly

and literally" *(Duda v Rouse Constr. Corp.,* 32 NY2d 405, 409; *see also, Rimoldi v Schanzer,* 147 AD2d 541, 545). In this case, although the owners periodically reviewed the progress of the work and participated in the selection of the brick color and design, such activities do not rise to the requisite level of direction and control so as to bring them within the ambit of liability under the statute *(see, Blackwood v Chemical Corn Exch. Bank,* 4 AD2d 656). The owners' actions were no different than "the type of control any homeowner has over work being done in his or her home" *(Schwartz v Foley,* 142 AD2d 635, 636). We also find no merit to the argument that simply because the building permit application was signed by Steven Vouderis, a contrary result is indicated *(cf., Rimoldi v Schanzer, supra,* at 545).

We also find that the Supreme Court was correct in determining that Labor Law § 241-a is inapplicable to the facts here since the plaintiff was not working "in or at [an] elevator shaftway, hatchway [or] stairwell" (Labor Law § 241-a; *see, Silvers v E.W. Howell, Inc.,* 129 AD2d 694). Similarly unavailing is the plaintiff's cause of action predicated upon Labor Law § 200. An owner's duty to provide a safe workplace "does not extend to injuries arising from a defect in the contractor's own * * * methods or through the negligent acts of the contractor occurring as a detail of the work" *(Rimoldi v Schanzer, supra,* at 546, citing *Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136).

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.