■ PEERLESS INSURANCE COMPANY, Respondent, v JAMES M. CASEY, Appellant. [599 NYS2d 542] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about April 28, 1992, which denied defendant's motion to vacate the judgment entered against him on June 7, 1991 and to declare plaintiff's action abandoned, unanimously modified, on the law, the facts and in the exercise of discretion to commence the running of interest from June 7, 1991, the date of entry of the judgment, and otherwise affirmed, without costs.

In this action, commenced in 1983, defendant, after service of his answer, made no further appearances or responses to any of plaintiff's motions, including plaintiff's successful motion for summary judgment, which motion was granted on default in March of 1984, with a direction to the parties to settle an order. It appears that plaintiff's first notice of settlement was rejected for failure to submit an affidavit of lateness. Subsequently, on or about October 19, 1984, plaintiff served an affirmation of lateness and a copy of the order with notice of settlement and the order was signed and entered November 26, 1984. To the extent that defendant's argument is addressed to the late entry of the settled order, that argument is not preserved for appellate review inasmuch as no objection was raised at the time of settlement of the order

*(Martin v Triborough Bridge & Tunnel Auth.,* 180 AD2d 596, 597, *amended on other grounds* 182 AD2d 545).

The order granting plaintiff judgment for the sum of $141,898.27 was entered November 26, 1984. Due to law office failure, plaintiff did not enter judgment with the clerk until June 7, 1991. However, our holding in *Helfant v Sobkowski* (174 AD2d 340) is dispositive of defendant's argument that plaintiff's judgment should be vacated and the action deemed abandoned pursuant to 22 NYCRR 202.48. Nor is CPLR 3215 applicable *(see, Montalvo v Nel Taxi Corp.,* 114 AD2d 494, 495, *lv denied in part and dismissed in part* 68 NY2d 643; *Q.P.I. Rests. v Slevin,* 93 AD2d 767). However, because of plaintiff's inordinate delay in entering judgment, we conclude that interest should commence running from June 7, 1991, the date of entry of judgment, rather than November 19, 1984, the date of entry of the order granting judgment. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.