■ LEOBARDO MENDOZA et al., Appellants, v CORNWALL HILL ESTATES, INC., Respondent. (And a Third-Party Action.) [605 NYS2d 308] —In an action, inter alia, to recover damages for personal injuries pursuant to Labor Law §§ 200 and 241 (6), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 9, 1991, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability under Labor Law § 241 (6), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant, Cornwall Hill Estates, Inc., planned to build 46 homes on its property and entered into a contract with the third-party defendant Halcyon Construction Corporation (hereinafter Halcyon) to construct a road and drainage system at the site. The plaintiff Leobardo Mendoza, a laborer employed by Halcyon, was injured at the excavation site when the sides of an 18-foot-deep trench in which he was working collapsed, burying him up to his shoulders. The plaintiffs commenced this action against the defendant based on Labor Law §§ 200 and 241 (6) and subsequently moved for summary judgment on the issue of liability.

We find that the plaintiffs established their entitlement to summary judgment on the issue of the defendant's liability under Labor Law § 241 (6). That section imposes a nondelegable duty upon owners and contractors to ensure, inter alia, that an excavation area is shored and constructed in such a manner "as to provide reasonable and adequate protection and safety to the persons employed therein", and it is not necessary for the plaintiffs to show that the defendant exercised supervision or control over the worksite (see, Ross v

*Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502). There is no dispute that the walls of the trench were not shored in any manner, and, in response to the plaintiffs' motion, the defendant failed to offer evidence that any safety measures were employed. Although the contributory negligence of the plaintiff is a defense in an action based on Labor Law § 241 (6) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513), we find that the defendant failed to offer evidence in admissible form sufficient to present a triable issue of fact with respect to this defense *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In order to prevail on their claim under Labor Law § 200, the plaintiffs were required to establish that the defendant exercised some supervisory control over the operation *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* 81 NY2d, at 505). We conclude that the court properly denied the plaintiffs' motion for summary judgment with respect to this claim, as their submissions failed to establish, as a matter of law, that the defendant exercised the requisite degree of supervision and control over the work. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.