■ DUANE BECKFORD et al., Appellants, v JUAN CANESSA, Respondent. [613 NYS2d 659] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered July 15, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, the Supreme Court properly awarded summary judgment to the defendant on their strict liability causes of action pursuant to Labor Laws §§ 240 and 241. The defendant established that he owned and occupied the two-family home from which the plaintiff Duane

Beckford fell, did not direct or control the manner of the roofing work, and that no commercial activities were conducted there *(see, Farmer v Davidson,* 203 AD2d 513; *Spinillo v Strober Long Is. Bldg. Material Ctrs.,* 192 AD2d 515; *Kelly v Bruno & Son,* 190 AD2d 777; *cf., Van Amerogen v Donnini,* 78 NY2d 880). Likewise, the court properly determined that the defendant had established his entitlement to judgment as a matter of law on the plaintiffs' common law negligence claims, codified in Labor Law § 200, since the defendant demonstrated that he had neither actual nor constructive notice of the allegedly dangerous condition of the wood beneath the shingles covering his home's roof *(see, Lombardi v Stout,* 80 NY2d 290; *Leon v Peppe Realty Corp.,* 190 AD2d 400). Moreover, it is well settled that "[a]n owner's duty to provide a safe workplace 'does not extend to injuries arising from a defect in the contractor's own * * * methods or through negligent acts of the contractor occurring as a detail of the work' " *(Kelly v Bruno & Son,* 190 AD2d 777, 778, *supra,* quoting *Rimoldi v Schanzer,* 147 AD2d 541, 546; *see also, Lombardi v Stout, supra).* Rather, where such a claim arises from a contractor's methods or materials, an owner may only be liable under Labor Law § 200 if he exercised some supervisory control over the operation *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Mendoza v Cornwall Hill Estates,* 199 AD2d 368). Here it is uncontroverted that the defendant exercised no supervisory control. He hired an amateur handyman to finish shingling the roof after a prior contractor had to cease work due to health problems. In the absence of any evidence that the defendant was aware of the allegedly deteriorated condition of the roof or that he controlled the manner of the work, the defendant is not liable pursuant to Labor Law § 200.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit *(see, Nahles v County of Nassau,* 180 AD2d 671; *Dabbs v City of Peekskill,* 178 AD2d 577; *see also, Peerless Ins. Co. v Casey,* 194 AD2d 411; *Martin v Triborough Bridge & Tunnel Auth.,* 180 AD2d 596, *mod on rearg on other grounds* 182 AD2d 545). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.