■ ELYSE B. JACKSON, Appellant, v JOEL BROOK, Respondent. [642 NYS2d 75] —In a matrimonial action in which the parties were divorced by a judgment dated February 9, 1983, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated June 20, 1995, as (1) denied that branch of her motion which was for an award of interest on her equitable share of the defendant husband's pension and (2) granted the defendant an offset of $1,500 against the pension distribution to be made to her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by a judgment of the Supreme Court, Richmond County, dated February 9, 1983. The judgment of divorce awarded the wife half of the husband's pension as of April 5, 1982, but failed to value the pension, to award any interest, or to set forth a time for payment. The judgment of divorce also directed the eventual sale of the marital residence, but did not set forth a selling price. In 1994, the parties

entered into an agreement by which the wife agreed to pay the husband $1,500 if the former marital residence were to be sold for less than $180,000.

In 1994, 12 years after the divorce judgment, the wife sought to enforce the pension award and to obtain interest thereon. By order dated July 28, 1994, the Supreme Court, Richmond County, directed distribution of the wife's share of the pension; again, without valuing it. The wife then moved for enforcement of the provisions of the divorce judgment and the order dated July 28, 1994, directing distribution of the pension.

In the order appealed from, the Supreme Court valued the wife's share of the pension, but declined to award her interest on that amount. We agree with the Supreme Court's decision not to award interest in view of the wife's inordinate delay of several years in seeking a valuation of the pension and entering a money judgment thereon (*see, Peerless Ins. Co. v Casey,* 194 AD2d 411). In addition, the offset in favor of the husband was based on a valid agreement between the parties. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.