■ NESTOR NEGRONI et al., Respondents, v EAST 67TH STREET OWNERS, INC., Appellant and Third-Party Plaintiff-Appellant.

UNITED WOOD WORKS, Third-Party Defendant-Respondents. [671 NYS2d 464] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 7, 1997, which, to the extent appealed from as limited by defendant's brief, granted plaintiff Nestor Negroni's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) claim and denied defendant's cross motion for summary judgment dismissing plaintiff's claims pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), and for summary judgment upon its common-law indemnification claim against the third-party defendant, unanimously modified, on the law, to grant defendant's cross motion for summary judgment to the extent of dismissing plaintiff's Labor Law § 200 claim, and to the further extent of granting defendant summary judgment upon its claim for common-law indemnification, and otherwise affirmed, without costs.

Plaintiff, an employee of third-party defendant contractor, United Wood Works, sustained injuries during the course of his employment, when he fell through an open, unguarded hatchway between the first and second stories of a machinery tower located on defendant's premises. In these circumstances, plaintiff was entitled to the protection of Labor Law § 240 (1), which imposes a non-delegable duty upon property owners to take various measures to safeguard workers on their premises from elevation-related risks (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; Serpe v Eyris Prods., 243 AD2d 375). Since plaintiff's injury was plainly attributable to a failure to discharge the aforesaid duty arising under Labor Law § 240 (1), the grant of summary judgment to plaintiff on the issue of liability pursuant to Labor Law § 240 (1) was proper.

With respect to the disposition of that part of defendant's cross motion seeking dismissal of plaintiff's Labor Law § 241 (6) claim, we note that the duty imposed upon a property owner pursuant to that statute is, like the duty imposed pursuant to Labor Law § 240 (1), non-delegable (Ross v Curtis-Palmer Hydro-Elec. Co., supra, 81 NY2d, at 502), and that since there are factual issues as to whether plaintiff's injury was, at least in part, attributable to some failure in its discharge, the denial of that part of defendant's cross motion was plainly proper.

In contrast to the duties arising under Labor Law § 240 (1) and § 241 (6), the duty of a property owner pursuant to Labor Law § 200 is no more extensive than his or her control of the worksite or of the performance rendered by the contractor (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877-878). Accordingly, since plaintiff, in response to defendant's

cross motion for summary judgment, made no showing that defendant exercised any control over the worksite or the contractor's performance, that branch of the cross motion seeking dismissal of plaintiff's Labor Law § 200 cause of action should have been granted.

Since, under the facts herein, defendant owner's liability, whether pursuant to Labor Law § 240 (1) or § 241 (6), would be vicarious, defendant was entitled to, and should have been granted, common-law indemnification against the third-party defendant contractor (*Sheridan v Beaver Tower*, 229 AD2d 302, 304, *lv dismissed* 89 NY2d 860). Concur—Lerner, P. J., Sullivan, Milonas, Ellerin and Andrias, JJ.