■ Stephen R. Frank et al., Appellants-Respondents, v Meadowlakes Development Corporation et al., Respondents-Appellants. Meadowlakes Development Corporation, Third-Party Plaintiff, v Home Insulation and Supply, Inc., Third-Party Defendant-Respondent. D.J.H. Enterprises, Inc., Doing Business as Danni-Marr Builders, Third-Party Plaintiff-Respondent, v Home Insulation and Supply, Inc., Third-Party Defendant-Respondent-Appellant. D.J.H. Enterprises, Inc., Doing Business as Danni-Marr Builders, Third-Party Plaintiff-Respondent, v Douglas Kokanovich, Doing Business as Woodland Construction Co., Third-Party Defendant-Respondent-Appellant. Home Insulation and Supply, Inc., Fourth-Party Plaintiff-Respondent, v Douglas Kokanovich, Doing Business as Woodland Construction Co., Fourth-Party Defendant-Respondent-Appellant. (Appeal No. 1.) [686 NYS2d 540] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Stephen R. Frank (plaintiff) was working for third-party defendant Home Insulation and Supply, Inc. (Home) when he fell backwards down a temporary staircase while carrying a large bag of insulation. Plaintiffs commenced this action against various parties, alleging violations of Labor Law §§ 200, 240 (1); § 241 (6) and § 241-a, as well as a claim for

common-law negligence. Following discovery, the parties moved and cross-moved for summary judgment on various claims.

Plaintiffs appeal from an order of Supreme Court (appeal No. 1) insofar as it denied that part of their motion for summary judgment on the Labor Law § 240 (1) claim and granted those parts of the cross motions of defendants Meadowlakes Development Corporation (Meadowlakes) and D.J.H. Enterprises, Inc., doing business as Danni-Marr Builders (DJH), for summary judgment dismissing that claim. The court properly denied plaintiffs' motion but erred in granting those parts of the cross motions of Meadowlakes and DJH. A temporary staircase that is used for access to and from the upper levels of a house under construction is the "functional equivalent of a ladder" and falls within the designation of "other devices" within the meaning of Labor Law § 240 (1) (*Wescott v Shear*, 161 AD2d 925, *appeal dismissed* 76 NY2d 846; *see, Williams v City of Albany*, 245 AD2d 916, 917, *appeal dismissed* 91 NY2d 957). There is a question of fact, however, whether the alleged statutory violation was the proximate cause of the accident (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 959, *rearg denied* 92 NY2d 875). The court properly denied the motion of third-party defendant Douglas Kokanovich, doing business as Woodland Construction Co. (Kokanovich), for summary judgment dismissing the third- and fourth-party complaints. There are questions of fact whether Kokanovich or DJH provided the temporary staircase and, if provided by Kokanovich, whether it had a handrail.

Plaintiffs also appeal from the order insofar as it denied that part of their motion for summary judgment on the Labor Law § 241 (6) claim. Meadowlakes and DJH appeal from the order insofar as it denied those parts of their cross motions for summary judgment dismissing the Labor Law § 241 (6) claim. The court erred in denying the cross motions insofar as they alleged a violation of 12 NYCRR 23-1.7 (b). That regulation, although sufficiently specific to support liability under the statute (*see, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009), is not applicable to the facts of this case because plaintiff did not fall through a hazardous opening (*see, Bennion v Good Year Tire & Rubber Co.*, 229 AD2d 1003; *McCole v City of New York*, 221 AD2d 605). The court properly denied the cross motions with respect to the alleged violations of 12 NYCRR 23-1.15 and 23-2.7 (e). There is a question of fact whether the lack of a railing was a proximate cause of the accident, and thus summary judgment is not appropriate (*see, Mazzu v Benderson Dev. Co., supra*).

Home appeals from the order insofar as it granted the cross motion of DJH for summary judgment seeking a conditional award of common-law indemnification against Home. Home also appeals from a subsequent order of the same court (appeal No. 2) granting that part of the cross motion of Meadowlakes for summary judgment seeking a conditional award of common-law indemnification against Home. The court erred in granting the cross motion of DJH and that part of the cross motion of Meadowlakes. Although Meadowlakes established that it did not control, direct or supervise the injury-producing work (*see, Sikorski v Springbrook Fire Dist.*, 225 AD2d 1041), there is a question of fact whether Home was at fault (*see, Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 940). DJH failed to establish as a matter of law that it did not control or supervise the work. Daniel J. Helms, the president of DJH, testified that he was on the job site every day and coordinated the work of all the subcontractors. Additionally, there is a question of fact whether DJH or Kokanovich provided the temporary staircase from which plaintiff fell. Thus, neither DJH or Meadowlakes is entitled to a conditional award of common-law indemnification. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.