■ JOHN H. RING, III, as Trustee for DEAN M. WILKINS, Respondent, v BRISTOL BUILDERS, INC., Appellant and Third-Party Plaintiff-Appellant. SOLID SURFACES, INC., Third-Party Defendant and JENNIFER SANDS et al., Third-Party Defendants-Respondents. [707 NYS2d 568] —Order unanimously affirmed with costs. Memorandum: This action was commenced to recover damages for injuries sustained by Dean M. Wilkins while working on the construction of an addition at the residence of Jennifer Sands and Richard Sands (third-party defendants). The accident occurred when Wilkins backed into an unprotected opening in the second floor hallway and fell to the first floor. Supreme Court properly granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability and denied that part of defendant's motion seeking summary judgment dismissing that claim. We reject defendant's contention that Labor Law § 240 (1) does not apply to Wilkins' fall (*see, Becerra v City of New York,* 261 AD2d 188, 190; *Nowak v Kiefer,* 256 AD2d 1129, *lv dismissed in part and denied in part* 93 NY2d 887, *rearg dismissed* 93 NY2d 1000; *Negroni v East 67th St. Owners,* 249 AD2d 79, 80). Plaintiff established as a matter of law that the violation of Labor Law § 240 (1) was the proximate cause of the accident (*see, Felker v Corning Inc.,* 90 NY2d 219, 225) and that defendant is liable for that violation as the general contractor on the project (*see, Dennis v Beltrone Constr. Co.,* 195 AD2d 688, 689; *Kenny v Fuller Co.,* 87 AD2d 183, 186-189, *lv denied* 58 NY2d 603). Defendant failed to raise a triable issue of fact. The court properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim (*see, Frank v Meadowlakes Dev. Corp.,* 256 AD2d 1141, 1142; *Riley v Stickl Constr. Co.,* 242 AD2d 936; *Mazzu v Benderson Dev. Co.,* 224 AD2d 1009, 1011) and the Labor Law § 200 and common-law negligence claims (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506; *Houde v Barton,* 202 AD2d 890, 891-892, *lv dismissed* 84 NY2d 977).

The court also properly granted that part of the motion of third-party defendants seeking summary judgment dismissing the third-party complaint. Third-party defendants established as a matter of law that they are entitled to the homeowner's exemption under Labor Law § 240 (1) and § 241 (6) (*see, Slettene v Ginsburg,* 257 AD2d 656, 657; *Lane v Karian,* 210 AD2d 549, 549-550) and that they are not liable for common-law

negligence or violation of Labor Law § 200 (*see, Beckford v Canessa,* 205 AD2d 655, 656). Defendant third-party plaintiff failed to raise a triable issue of fact. Finally, the court properly granted that part of the motion of third-party defendants seeking summary judgment on their counterclaim for contractual indemnification. Absent a showing of negligence on the part of third-party defendants, the indemnification agreement is enforceable (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795, n 5, *rearg denied* 90 NY2d 1008; *Velez v Tishman Foley Partners,* 245 AD2d 155, 157; *Connolly v Brooklyn Union Gas Co.,* 168 AD2d 477, 478, *lv denied* 78 NY2d 864). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.