■ LINDA KELSEY, Plaintiff, v HINMAN-PRATT MOHAWK COR-PORATION et al., Defendants. GENERAL ELECTRIC COMPANY, Third-Party Plaintiff-Appellant, v 921-927 BROAD STREET COR-PORATION, Third-Party Defendant, and BURNS INTERNATIONAL SECURITY SERVICES, Third-Party Defendant-Respondent. [734 NYS2d 792] —Order unanimously reversed on the law without costs, motion denied and third-party complaint against third-party defendant Burns International Security Services reinstated. Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained when an overhead door at premises leased to and occupied by defendant and third-party plaintiff General Electric Company (GE) fell as she attempted to hold it open. At the time of the accident, plaintiff was employed as a mail sorter by third-party defendant Burns International Security Services (Burns) pursuant to a service contract between GE and Burns. Supreme Court erred in granting the motion of Burns for summary judgment dismissing the third-party complaint against it. We conclude that Burns failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Thus, the motion should have been denied, "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We note in particular that the third-party complaint alleges, *inter alia*, that Burns was negligent in failing to provide plaintiff with a safe place to work and seeks contractual indemnification from Burns. In support of its motion, however, Burns submitted evidence that plaintiff had notified her supervisor before the accident that the overhead door was defective, and that her supervisor did nothing to arrange for the repair of the overhead door or to provide an alternative safe means of access to the loading dock. That evidence raises an issue of fact whether Burns failed to provide plaintiff with a safe place to work (*see generally, Jock v Fien*, 80 NY2d 965, 967). Because there is an issue of fact concerning Burns' negligence, an issue of fact likewise remains concerning GE's cause of action seeking contractual indemnification from Burns (*see, Rissel v Nornew Energy Supply*, 281 AD2d 880, 881; *cf., Ring v Bristol Bldrs.*, 272 AD2d 877, 878). We therefore reverse the order, deny the motion, and reinstate the third-party complaint against Burns. (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.