■ JOSE RIVERA, Appellant, v K&B FURNITURE CO., INC., Defendant, and INDUSTRIAL DEVELOPMENT AGENCY, Respondent. (And a Third-Party Action.) [753 NYS2d 82] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered October 18, 2001, which, insofar as appealed from, denied plaintiff's motion

for partial summary judgment as to liability as against defendant Industrial Development Agency (IDA), unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about March 29, 2002, which, insofar as appealed from, denied plaintiff's motion to reargue the aforesaid order entered October 18, 2001, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiff was employed on a construction project at premises leased by defendant K&B Furniture Co., Inc. (K&B) and owned by defendant IDA. While plaintiff was standing on a ladder to install a ceiling fan, the ladder tipped over, causing plaintiff to fall to the floor. Plaintiff subsequently commenced this action against K&B and IDA, in which he asserts a cause of action under Labor Law § 240 (1), inter alia. Although the IAS court correctly granted plaintiff partial summary judgment as to liability under Labor Law § 240 (1) against K&B, it denied plaintiff similar relief against IDA on the ground that plaintiff had not established that IDA retained control over the premises. This was error. Labor Law § 240 (1) imposes on premises owners a nondelegable duty to furnish workers on their premises with safety devices that give proper protection against elevation-related risks. The owner is liable to the worker for injuries caused by violations of the statute regardless of whether the owner exercised any control over the work site (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560; *Negroni v East 67th St. Owners*, 249 AD2d 79, 80). Concur—Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.