LYNN MORDAS, Appellant, v MICHAEL SCHENKEIN, Respondent. [798 NYS2d 396]—

Order, Supreme Court, New York County (Marjory D. Fields, J.), entered on or about August 21, 2002, which, in postdivorce proceedings, inter alia, enjoined plaintiff from prosecuting cross claims she interposed against defendant in a mortgage foreclosure action pending in Dutchess County involving the parties' former marital residence, unanimously affirmed, without costs. Order, same court (Sherry Klein Heitler, J.), entered on or about September 24, 2002, which clarified the decision after trial to indicate that plaintiff was to be responsible for the mortgage payments and other expenses of the former marital residence beginning as of the date of the decision, not the date of entry of the divorce judgment, unanimously affirmed, without costs. Appeal from order, same court (Marjory D. Fields, J.), also entered on or about August 21, 2002, which directed a reference, unanimously dismissed as moot, without costs. Order, same court (Sherry Klein Heitler, J.), entered April 23, 2004, insofar

as it denied plaintiff's motion for appointment of a receiver, sequestration of defendant's property and income, restoration of certain money that had been released from escrow, a change of venue to Dutchess County, an award of attorneys' fees, and provided a procedure for defendant's return of plaintiff's personal property, unanimously affirmed, and insofar as it denied renewal and reargument of the September 24, 2002 order clarifying the decision after trial, the appeal therefrom unanimously dismissed, without costs.

Both the trial court and the postjudgment court properly recognized that, under whatever semantic variation advanced, plaintiff should not be permitted to change the venue of a protracted divorce action that she herself had commenced in New York County six years before she first sought the change, and after a lengthy trial on all issues (*cf. Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 40 [2003]). We note that if plaintiff's requests are viewed as having been made as of right, because the former marital residence is located in Dutchess County and the foreclosure action would affect its title, they failed to follow the requisite procedures of CPLR 511, i.e., a demand for change of venue followed by a timely motion (*see Matter of Howard v New York State Bd. of Parole*, 5 AD3d 271 [2004]). If the requests are viewed as having been addressed to the court's discretion, they failed to make the requisite showing concerning the convenience of material witnesses (*see Leopold v Goldstein*, 283 AD2d 319, 320 [2001]). The trial court's clarification of its decision was not an improper substantive amendment of a judgment. The court simply explained what was apparent, if not absolutely clear, from the language of the decision, i.e., that while it was awarding the large and costly former marital residence to plaintiff because she asked for it and defendant did not object, defendant should not have to pay for it. The portion of plaintiff's subsequent motion that sought renewal of this clarification presented no new facts and, therefore, was an attempt at reargument, the denial of which is not appealable (*Davis v City of New York*, 11 AD3d 254 [2004], *lv denied in part and dismissed in part* 4 NY3d 750 [2005]). We have considered plaintiff's other contentions and find them unavailing. Concur—Friedman, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.