■ KAREEMAH BAKIRIDDIN et al., Respondents, v IDI CONSTRUCTION COMPANY, INC., et al., Defendants. IDI CONSTRUCTION COMPANY, INC., et al., Third-Party Plaintiffs, v WEIR WELDING COMPANY, INC., Third-Party Defendant, and CROSS-COUNTRY CONTRACTING, INC., Third-Party Defendant-Appellant. [846 NYS2d 1]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered June 15, 2006, which, in an action for personal injuries and wrongful death, insofar as appealed from, denied third-party defendant appellant's motion to change venue from Bronx County to Westchester County or New York County, unanimously affirmed, without costs.

It appears that after the accident, which occurred at a construction site in New York County, plaintiff's decedent, who was appellant's employee, was taken to a hospital in New York County, where he remained for two months, and then to a nursing home in Bronx County, where he died eight months later after being in a comatose state for most, if not all, of his stay

there. Venue was placed in Bronx County upon plaintiff's appointment there as administrator (CPLR 503 [b]). While the pleading filed with the Bronx County Surrogate's Court provided plaintiff's address in Westchester, it also indicated, as reflected in the death certificate, decedent's residence and place of death as Bronx County. Absent any evidence that plaintiff's application for testamentary letters fraudulently misrepresented or withheld facts pertaining to the decedent's domicile, a collateral attack on the Bronx County Surrogate's appointment of plaintiff is foreclosed (SCPA 204, 205 [1]; *see Maurer v Johns-Manville, Inc.*, 126 AD2d 524 [1987]). Even if the motion for change of venue was properly before this Court, since appellant "failed to follow the requisite procedures of CPLR 511, i.e., a demand for change of venue followed by a timely motion," it would not be entitled to a change of venue as of right, based on its principal place of business in Westchester County (*Mordas v Schenkein*, 19 AD3d 182, 183 [2005]; *Matter of Howard v New York State Bd. of Parole*, 5 AD3d 271 [2004]). Nor would appellant be entitled to a discretionary change of venue since it identified no nonparty material witnesses whose convenience would be served by a change of venue from Bronx County to New York County (CPLR 510 [3]; *Leopold v Goldstein*, 283 AD2d 319, 320 [2001]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.