Monique Concool Mendelson, Appellant, v Empire Associates Realty Co. Assn., Respondent. [869 NYS2d 342]—

Plaintiff's motion to "clarify" is properly deemed one to reargue, the denial of which is not appealable. Were we to consider the merits, we would affirm on the same grounds as we affirm the balance of the order on appeal.

In a prior order (278 AD2d 40 [2000]), we affirmed the striking of an award of treble damages, but also agreed not to vacate the award of interest to plaintiff. In the present appeal, we consider whether the court improvidently limited the amount of prejudgment interest plaintiff could recover due to delay in entering the corrected judgment, namely, to the period between the date of the Division of Housing and Community Renewal (DHCR) rent overcharge award and the entry date of the order awarding that interest. It was incumbent upon plaintiff, and in her interest as prevailing party in the action to enforce the DHCR award, to enter a corrected judgment as soon as possible in order to enforce and collect upon it. The court was thus warranted in limiting the amount of prejudgment interest plaintiff could recover because of her inordinate delay in entering the corrected judgment (*see Peerless Ins. Co. v Casey*, 194 AD2d 411 [1993]; *see also Jackson v Brook*, 227 AD2d 381 [1996]). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.