Natural Therapy Acupuncture, P.C. as Assignee of KARL JOSEPH, Appellant, 
against
Unitrin Auto and Home Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered March 20, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Natural Therapy Acupuncture, P.C. (Natural Therapy) commenced this action to recover assigned first-party no-fault benefits for medical services provided to its assignor as a result of injuries allegedly sustained in an automobile accident on February 4, 2008. Before Natural Therapy commenced this action, a declaratory judgment action had been commenced in Supreme Court, New York County, by Kemper Independence Insurance Company (Kemper) against Natural Therapy, eight other providers and the assignor, alleging that the providers had breached the terms of the insurance policy in question by failing to appear for duly scheduled examinations under oath. On September 8, 2009, an order was entered on default in the Supreme Court declaratory judgment action declaring that Kemper had no duty to pay no-fault benefits to the named providers in any actions seeking to recover no-fault benefits arising out of the February 4, 2008 collision relating to the policy and claim numbers also at issue in the present case, and that all lawsuits and legal proceedings against Kemper brought by Natural Therapy, its assignor and the other named providers, are permanently stayed.
Plaintiff moved in the Civil Court for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint, contending that the instant action is barred by virtue of the order in the declaratory judgment action. By order entered March 20, 2014, the Civil Court denied plaintiff's motion for summary judgment and granted defendant's cross motion.
Plaintiff's contention on appeal, in essence, that defendant was not in privity with Kemper, is unpreserved for appellate review, because plaintiff failed to raise the issue in the Civil Court (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 114 AD3d 935 [2014]; Peerless Ins. Co. v Casey, 194 AD2d 411 [1993]; Martin v Triborough Bridge & Tunnel Auth., 180 AD2d 596 [1992]). Plaintiff's remaining contentions lack merit. Consequently, we do not disturb the determination of the Civil Court that, in light of the order in the declaratory judgment [*2]action, there is no coverage for the accident in question. 
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: February 05, 2016