Island Life Chiropractic, P.C., as Assignee of KENNY LOUISSANT, Appellant, 
against
Unitrin Auto and Home Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered July 14, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Island Life Chiropractic, P.C. (Island Life) commenced this action in the Civil Court on August 19, 2013 to recover assigned first-party no-fault benefits for services provided to its assignor as a result of injuries sustained in a motor vehicle accident which had occurred on April 6, 2012. In its answer to the complaint, the insurer identified itself as Kemper Independence Insurance Company (Kemper) and asserted, among other things, that Island Life's action is barred by collateral estoppel and res judicata. Before Island Life commenced its action, a declaratory judgment action had been commenced in the Supreme Court, New York County, by Kemper against Island Life, five other providers and the assignor herein, Kenny Louissant, alleging that Louissant had breached the terms of insurance policy number FZ717084 by failing to appear for duly scheduled examinations under oath. After Island Life had served an answer in the Supreme Court action, Kemper moved in that court, pursuant to CPLR 3212, for an order declaring there was no coverage for, insofar as is relevant here, Island Life's claims. Island Life opposed the motion. By order entered October 24, 2013, the Supreme Court declared that Island Life was "not entitled to no-fault reimbursements or benefits for the motor vehicle accident that occurred on April 6, 2012 under policy FZ717084." 
Thereafter, defendant moved in the Civil Court for, among other things, summary judgment dismissing the complaint on the ground that the present action is barred by virtue of the order in the declaratory judgment action. By order entered July 14, 2014, the Civil Court granted defendant's opposed motion. 
Island Life's contention on appeal, in essence, that defendant Unitrin was not in privity with Kemper, and, thus, that the order in the declaratory judgment action in favor of Kemper has no preclusive effect in the instant action against Unitrin, is unpreserved for appellate review, because plaintiff failed to raise the issue in the Civil Court (see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 114 AD3d 935 [2014]; Peerless Ins. Co. v Casey, 194 AD2d 411 [1993]; Martin v Triborough Bridge & Tunnel Auth., 180 AD2d 596 [1992]; Natural Therapy Acupuncture, P.C. v Unitrin Auto & Home Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op [*2]50133[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). There is no merit to plaintiff's remaining contentions with respect to the lack of preclusive effect of the order in the declaratory judgment action. Consequently, we do not disturb the Civil Court's determination that the action is barred by res judicata.
Accordingly, the order is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 08, 2016