(November 10, 2016)

■ MACY'S INC. et al., Appellants, v MARTHA STEWART LIVING OMNIMEDIA, INC., Defendant, and J.C. PENNEY CORPORATION, INC., Respondent. [40 NYS3d 265]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 11, 2015, which denied plaintiffs' (collectively, Macy's) motion to clarify a judgment, same court and Justice, entered June 16, 2014, or, in the alternative, to vacate an order, same court and Justice, entered April 1, 2015, which denied Macy's motion to stay the proceedings before the judicial hearing officer to hear and report on Macy's damages on its cause of action for tortious interference with contract pending the resolution of Macy's two remaining claims, unanimously affirmed with respect to the denial of the motion for clarification, and appeal therefrom, to the extent it denied so much of the motion as sought to vacate the aforesaid April 2015 order, dismissed, without costs, as moot.

Macy's purported request for clarification of the June 2014 judgment with respect to the measure of damages on Macy's cause of action for tortious interference with contract is effectively a motion for reargument, the denial of which is not appealable (see *Mendelson v Empire Assoc. Realty Co. Assn.*, 57 AD3d 413 [1st Dept 2008], *lv denied* 12 NY3d 707 [2009]; *Mordas v Schenkein*, 19 AD3d 182 [1st Dept 2005]). As a motion for reargument, it also is untimely (see CPLR 2221 [d] [3]). Likewise, if considered as a motion to set aside the judgment, then, it is untimely (see CPLR 4404 [b]; 4405).

Because the proceedings before the judicial hearing officer to hear and report on Macy's damages on its claim for tortious interference with contract have concluded, the portion of the appeal challenging the denial of a stay of those proceedings has become moot. In any event, in the absence of any compelling reason to resolve the second and third causes of action before the judicial hearing officer reached a determination as to damages on the first cause of action, the court's denial of the stay was a proper exercise of discretion. Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.

Motion to dismiss appeal denied as academic.