**Unitrin Safeguard Ins. Co. v Jenkins**

2025 NY Slip Op 30178(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 151925/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDY H. KIM**           PART          04

*Justice*

-------------------------------------------------------------------------------X

UNITRIN SAFEGUARD INSURANCE COMPANY,

               Plaintiff,

               - v -

TYNISIA JENKINS, BALANCED CHANNELS
ACUPUNCTURE PC, ECLIPSE MEDICAL IMAGING, PC,
ELENA BORISOVNA STYBEL, EQUINOX PHYSICAL
THERAPY, PC, HEADLAM MEDICAL PROFESSIONAL
CORPORATION PC, MACINTOSH MEDICAL, PC,

               Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151925/2023 |
| MOTION DATE | 11/19/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 56

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, defendant Eclipse Medical Imaging, P.C.'s motion to vacate the default judgment against it is granted and its motion to change the venue of this action to Kings County is denied.

This case arises from a motor vehicle collision on September 3, 2021, in which defendant Tynisia Jenkins allegedly sustained injuries (NYSCEF Doc. No. 1 [Complaint at ¶¶9-10]). Plaintiff commenced this action on February 28, 2023, seeking a declaratory judgment that plaintiff is not obligated to pay no-fault benefits to defendants. As relevant here, plaintiff served the summons and complaint on defendant Eclipse Medical Imaging, P.C. ("Eclipse") through the New York State Secretary of State on March 30, 2023 (NYSCEF Doc. No. 3). Plaintiff then moved for a default judgment as against Eclipse on June 23, 2023, which motion was granted by this Court

**151925/2023 UNITRIN SAFEGUARD INSURANCE COMPANY vs. JENKINS, TYNISIA ET AL**      **Page 1 of 5**
  **Motion No. 002**

1 of 5

[* 1]

(Hon. Frank P. Nervo) by decision and order dated November 30, 2023 (See NYSCEF Doc. No. 29 [Decision and Order]).

After Eclipse's default but prior to plaintiff's motion for a default judgment, Eclipse filed a request for arbitration against plaintiff before the American Arbitration Association on May 17, 2023, seeking reimbursement for medical services it rendered to Tynisia Jenkins for injuries arising out of the subject automobile collision (See NYSCEF Doc. No. 34). This arbitration was held on November 30, 2023 (the same date that plaintiff's motion for a default judgment was granted) and, on December 3, 2024, the Arbitrator issued an award in favor of Eclipse and against plaintiff in the amount of $966.54 (See NYSCEF Doc. No. 35 [Arbitration Award]). Unitrin appealed the award to a Master Arbitrator arguing, inter alia, that the arbitration was barred by the default judgment granted in this action under the doctrines of res judicata and collateral estoppel (See NYSCEF Doc. No. 37). The Master Arbitrator affirmed the award on February 22, 2024 (See NYSCEF Doc. No. 36 [Master Arbitrator Award]).

Eclipse now moves to vacate the default judgment in this action, arguing that it has a reasonable excuse for its default because plaintiff failed to serve process or notice of default on Eclipse's arbitration attorney and, as a result, it first learned of this action and the default judgment at the arbitration hearing on November 30, 2023 (NYSCEF Doc. No. 33 [Kravchenko Affirm. in Support at ¶¶10-1124, 42, 52-54]), and has established a potentially meritorious defense by submitting the arbitration award and master arbitrator award. Eclipse further argues that vacatur is warranted in the interest of justice.

Eclipse also seeks to transfer venue of this matter to the Supreme Court of the State of New York, Kings County, the site of its principal office, pursuant to CPLR 510(1) and 511(b) (NYSCEF Doc. No. 32).

**151925/2023   UNITRIN SAFEGUARD INSURANCE COMPANY vs. JENKINS, TYNISIA ET AL**          **Page 2 of 5**
  **Motion No.  002**

2 of 5

[* 2]

In opposition, plaintiff argues that Eclipse has not offered a reasonable excuse, because it is undisputed that plaintiff properly served Eclipse with the complaint, notice of default, motion for default, and notice of entry of the default judgment order and the CPLR does not require that it also serve Eclipse's arbitration counsel (NYSCEF Doc. No. 49 [Padover Affirm. in Opp. at ¶¶33-40]). Plaintiff further argues that Eclipse has not demonstrated a meritorious defense because it has not submitted an affidavit from any individual with firsthand knowledge of the facts (Id. at ¶¶46-49). Finally, plaintiff maintains that the interests of justice do not warrant vacatur, as the arbitration award "did not fully encompass the issues which needed to be addressed to properly resolve this dispute" (Id. at ¶¶50, 59).

Plaintiff also argues that the branch of Eclipse's motion to change the venue of this action must be denied due to Eclipse's failure to comply with the procedures set forth in CPLR 511.

## DISCUSSION

Eclipse's motion to vacate the default judgment is granted. "To obtain relief from an order or judgment on the basis of excusable default pursuant to CPLR 5015(a)(1), a party must provide a reasonable excuse for the failure to appear and demonstrate the merit of the cause of action or defense" (Mediavilla v Gurman, 272 AD2d 146, 148 [1st Dept 2000] [internal citations omitted]). Here, Eclipse has demonstrated a reasonable excuse for its default through the affirmations of its arbitration counsel, attesting that plaintiff failed to serve counsel in the arbitration proceeding despite having moved for a default judgment after the arbitration was commenced (See Allstate Ins. Co. v N. Shore Univ. Hosp., 163 AD3d 745 [2d Dept 2018]; see also Allstate Ins. Co. v Manalapan Surgery Ctr., 2020 NY Slip Op 33529[U] [Sup Ct, NY County 2020]). Eclipse has also established a potentially meritorious defense through its submission of the arbitration award and master arbitration award (See e.g., Global Liberty Ins. Co. v Shahid Mia n, M.D., P.C., 172 AD3d

1332, 1333 [2d Dept 2019]). Plaintiff's observation that it will be prejudiced by the time and money that it will spend in opposing Eclipse's motion to vacate is unavailing. Nor does the Court agree with plaintiff's position that Eclipse's motion is a waste of judicial resources.

Ultimately, even setting the foregoing aside, the Court concludes that vacatur is warranted in the interests of justice, as "the risk of potentially inconsistent verdicts warrants vacatur of the default judgment under the circumstances" (Hereford Ins. Co. v Physical Medicine & Rehabilitation of New York, P.C. 2020 WL 587321 [Sup Ct, New York County 2020]). Accordingly, in light of the foregoing and the State's policy of resolving cases on the merits" (Bey v Sobro Local Dev. Corp., 177 AD3d 448, 449 [1st Dept 2019]), Eclipse's motion to vacate the default judgment is granted.

The branch of Eclipse's motion to change the venue of this action is denied. Per CPLR 511(b), "[a] defendant may move to change the place of trial within fifteen days after service of the demand, unless the plaintiff consents to the change of venue within five days of service of the demand" (Siwek v Phillips, 71 AD3d 469, 469 [1st Dept 2010] [internal quotations omitted]). Eclipse did not serve a demand prior to making the present motion but simply included the demand as an exhibit to same. Accordingly, as Eclipse "failed to follow the requisite procedures of CPLR 511, i.e., a demand for change of venue followed by a timely motion," it is "not entitled to a change of venue as of right, based on its principal place of business" (Bakiriddin v Idi Const. Co., Inc., 45 AD3d 300, 301 [1st Dept 2007] [internal citations and quotations omitted]). Nor has Eclipse established that it is entitled to a discretionary change of venue pursuant to CPLR 510(3) (Id.).

Accordingly, it is hereby

**ORDERED** that Eclipse Medical Imaging, P.C.'s motion to vacating the default judgment entered against it is granted and this case shall be restored to the active calendar; and it is further

**151925/2023   UNITRIN SAFEGUARD INSURANCE COMPANY vs. JENKINS, TYNISIA ET AL**          **Page 4 of 5**
  Motion No.  002

4 of 5

**ORDERED** that Eclipse Medical Imaging, P.C.'s motion to change the venue of this action from New York to Kings County is denied; and it is further

**ORDERED** that Eclipse Medical Imaging, P.C.'s Answer dated July 29, 2024 (NYSCEF Doc. No. 39) is deemed timely filed and served nunc pro tunc; and it is further

**ORDERED** that Eclipse Imaging, P.C. shall, within twenty days of the date of this decision and order, serve a copy of same with notice of its entry upon plaintiff as well as the Clerk of the Court (80 Centre St., Room 308), and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed* Cases (accessible at the "E-Filing" page on this court's website at the address www.nycourts.gov/supctmanh).

| 1/16/2025 | | HON. JUDY H. KIM, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☒ GRANTED   ☐ DENIED | ☐ GRANTED IN PART   ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE |

**151925/2023   UNITRIN SAFEGUARD INSURANCE COMPANY vs. JENKINS, TYNISIA ET AL**       Page 5 of 5
**Motion No.  002**

[* 5]