(April 11, 2000)

■ ORA BANKS, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [707 NYS2d 46] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 8, 1999, which granted respondents' motion pursuant to CPLR 511 and 506 (b) (2), for a change of venue from New York County to Albany County and denied petitioner's motion to convert this CPLR article 78 proceeding to an action for a declaratory judgment without prejudice to renewal in Albany County*, unanimously modified, on the law, to the extent of denying respondents' motion and otherwise affirmed, without costs.

In granting respondents a change of venue, the IAS Court relied upon the mandate of CPLR 506 (b) (2) that a special proceeding against the Comptroller shall be commenced in Supreme Court, Albany County, and found that petitioner had not set forth any reasons why the court might have the authority to ignore such mandate. However, as argued by petitioner to the motion court and on appeal, respondents are entitled to a change of venue as of right under CPLR 506 (b) (2) only where they first serve a demand for a change of venue (CPLR 511 [a]) followed by a motion, if the demand is not acceded to, within 15 days after service thereof (CPLR 511 [b]). This Court has declined to construe this statutory time requirement as merely directory and, upon their admitted failure to comply with the statute, respondents' motion for a change of venue is committed to the court's discretion, which may be appropriately

---

* Inasmuch as an order entered in an article 78 proceeding is not appealable as of right (CPLR 5701 [b] [1]), leave to appeal is *sua sponte* granted.

exercised only in certain limited situations (*see, Pittman v Maher*, 202 AD2d 172, 174-175). Thus, inasmuch as respondents offer no alternative grounds for a discretionary change of venue (*see,* CPLR 510 [2], [3]), "[w]here, as here, the only ground sufficient to support the change of venue is that the action was not commenced in the proper county, the grant of a motion to change venue is an improvident exercise of discretion in view of the explicit statutory requirements, even assuming the inherent power of the court to exercise its discretion" (*supra,* at 175-176). We have considered petitioner's other points and find them unpersuasive. Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.