■ RAFAEL CASTILLO, Appellant, v METROPOLITAN LAUNDRY MACHINERY CO., INC., et al., Respondents, et al., Defendants. [750 NYS2d 52] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered December 31, 2001, which granted defendants' motion to transfer venue from Bronx County to New York County, unanimously reversed, on the law, without costs, the motion denied and the matter remanded to Supreme Court, Bronx County, for further proceedings.

Plaintiff commenced this personal injury action in Bronx County in connection with injuries he allegedly sustained while repairing a boiler manufactured by defendant Fulton Boiler Works, Inc. and installed by defendant Metropolitan Laundry

at Manhattan premises owned by defendants The Rodriguez's Dry Cleaner Corp., doing business as Toffy Cleaners, and Audobon Cleaners, Inc., also doing business as Toffy's. These defendants have various business addresses in New York County, Queens County and another New York location. Defendants thereafter moved to change venue, but failed to do so within 15 days of service of the demand for a change of venue, as is required by CPLR 511 (b), and they fail to offer a legitimate reason for their delinquency. We have held that such untimeliness deprives a movant of the right to a mandatory change of venue (*Banks v New York State & Local Employees' Retirement Sys.*, 271 AD2d 252; *Rosenthal v Bologna*, 211 AD2d 436), absent evidence of the plaintiff's bad faith commencement of the action in an improper venue, a factor not demonstrated on this record, and certain other factors. Nor have defendants submitted the relevant affidavits from witnesses establishing that a Bronx County venue would be inconvenient for witnesses, so that such a basis for a change of venue is not supported by this record and is not available as a basis for the court to exercise its discretion to change venue. Accordingly, in view of the untimeliness of the motion, venue should have remained in Bronx County. Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.