■ In the Matter of Theodore Howard, Appellant, v New York State Board of Parole, Respondent. [773 NYS2d 300]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about May 5, 2003, which changed the venue of this CPLR article 78 proceeding to Albany County, unanimously reversed, on the law, without costs or disbursements, and the change of venue vacated.

In an affidavit in support of a motion to dismiss petitioner's CPLR article 78 petition to vacate respondent's determination denying petitioner parole and for a new parole hearing, respondent requested that venue be changed from New York to Albany County, where its principal office is located. Respondent had, however, failed to follow the required procedures set forth in CPLR 511 (a) and (b) for a change of venue, including a written demand therefor, based on an improper designation of venue.

According to CPLR 506 (b), venue in a case such as this should have been placed in the judicial district where the determination complained of took place or where respondent's principal office is located. The determination here was made at the Woodbourne Correctional Facility, located in Sullivan County. Respondent's principal office is located in Albany County. Thus, Albany County is a proper venue.

Nevertheless, since respondent failed to follow the procedure set forth in CPLR 511 (a) and (b), it is not entitled to a change of venue as of right, as it sought (*Banks v New York State & Local Employees' Retirement Sys.*, 271 AD2d 252 [2000]). Nor, in any event, is respondent entitled to a discretionary change of venue under CPLR 510 (2) or (3) since the requisite showing was not made. Finally, we note that although New York County is an improper county for venue, the proceeding may go forward there (*see e.g. Phillips v Tietjen*, 108 App Div 9, 10 [1905]). Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.