OPINION OF THE COURT
Eileen Bransten, J.
*373 In this CPLR article 78 proceeding, petitioner John Wallace challenges the determination of the New York State Division of Parole denying his application for parole. The Division cross-moves to change the venue of this matter from New York County to Albany County.
Background
Based on 1978 felony murder and robbery convictions (secured in Kings County), Mr. Wallace was placed on lifetime parole supervision. (Petition 1i 2.) In 1998, Mr. Wallace pleaded guilty in New York County to two counts of burglary in the third degree and, based in part on his criminal history, was sentenced to consecutive terms of 2V2 to 5 years’ incarceration on each count. (Petition 1Í 5 n 2.)
Mr. Wallace is currently incarcerated at the Hudson Correctional Facility in Columbia County serving his burglary sentences. (See, petition 1Í 2; affirmation in support of cross motion to change venue [cross affirmation] 1f 6.)
On May 3, 2005, the Division conducted a parole release hearing, after which it denied Mr. Wallace’s application for parole. The Division concluded:
“After a careful review of [the record] and [Mr. Wallace’s] interview, it is the determination of this panel that if released at this time there is a reasonable probability that [he] would not live and remain at liberty without violating the law and [his] release at this time is incompatible with the welfare and safety of the community. This decision is based on the following factors: the instant offense burglary 3rd (two counts) involved ... a series of burglaries of buildings. [He was] on parole supervision at the time of the instant offense for robbery 3rd and murder 2nd which involved the robbery of a restaurant wherein an employee was shot and killed. [His] institutional programming and positive disciplinary record have been noted and considered. [His] continued participation in unlawful activity despite previous legal intervention leads this panel to determine that . . . release at this time is unwarranted.” (Petition, exhibit A.)
The parole denial determination was made in Columbia County. (Cross affirmation K 6.)
Mr. Wallace filed an administrative appeal.
On January 9, 2006, in Albany County, the determination was affirmed. (Cross affirmation 1Í 6.)
*374 Mr. Wallace commenced this article 78 proceeding, challenging the Division’s decision. He argues that venue in New York County is proper because he committed the underlying burglary offenses herein, and was convicted as well as sentenced in New York County. These events, he urges, “are so interwoven with the parole determination as to constitute ‘material facts’ which otherwise took place within the judicial district in which this proceeding was instituted,” and therefore, venue is proper here. (Id. [citations omitted].)
In response, the Division timely served a demand for change of venue, setting forth that venue in New York County is improper and that either Albany County or Columbia County would be proper venues. (Cross affirmation, exhibit 1.)
The Division now cross-moves for a change of venue to either Albany or Columbia County, asserting that the determinations and associated material events took place therein. (Cross affirmation 1Í10.)
On reply, Mr. Wallace points out that the Division’s denial of parole was “based exclusively on his criminal history.” (Affirmation in opposition to cross motion to change venue 1Í 4.) Because the conviction underlying his incarceration arose in New York County and he had been on parole at the time of his arrest for a conviction in Kings County, Mr. Wallace contends that “the material events” underlying the parole decision arose in New York and Kings counties. (Id. 1f 5.)
Analysis
CPLR 506 (b) provides that a
“proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of . . .or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located.”
At issue is whether the counties where a prisoner has committed crimes, been convicted and sentenced are places where “material events otherwise took place.” Trial courts have divided on the issue. Some courts have concluded that, when a parole board denies parole on the basis of certain convictions, a challenge to the determination may be made in the county where the trial for the underlying crime was held, the conviction obtained and the sentence imposed because these *375 are “material events.” (See, e.g., Matter of Schwartz v Dennison, NYLJ, May 8, 2006, at 19, col 1 [Sup Ct, NY County, Schlesinger, J.]; Matter of Crimmins v Dennison, 12 Misc 3d 725, 728-729 [Sup Ct, NY County 2006]; Matter of Key v New York State Div. of Parole, 10 Misc 3d 1072[A], 2006 NY Slip Op 50048[U] [Sup Ct, Kings County 2006]; Rice v Travis, Sup Ct, NY County, July 23, 2002, Lebedeff, J., Index No. 122087/01, slip op at 4-5.)
Many other courts, however, have determined that the county of the crime, conviction and sentence is not a proper venue for challenging denial of parole because it is not the location where a “material event” in connection with the parole determination took place. (See, e.g., Gelman v Dennison, Sup Ct, NY County, Jan. 27, 2006, Stone, J., Index No. 403458/05; Weiss v Dennison, Sup Ct, NY County, Jan. 9, 2006, James, J., Index No. 108904/ 05; Lugo v Dennison, Sup Ct, NY County, Oct. 21, 2005, Acosta, J., Index No. 402324/05; Gonzalez v Dennison, Sup Ct, NY County, Oct. 26, 2006, Figueroa, J., Index No. 402346/05; Whitaker v Travis, Sup Ct, NY County, Mar. 1, 2004, Wilkins, J., Index No. 403951/03; cf. Wallman v Travis, Sup Ct, NY County, Mar. 8, 2004, Madden, J., Index No. 121582/04, slip op at 3 [retaining venue because of noncompliance with venue-change process but concluding that despite the fact that “the crimes which resulted in petitioner’s sentence were committed in New York County and the underlying criminal proceedings occurred here, it appears . . . that these events are not ‘sc closely interwoven with (the parole) determination as to constitute “material facts” which “otherwise took place” within this county’ ”].)
Based on Appellate Division, First Department, precedent, this court agrees that generally a challenge to a parole determination cannot be made in the county of the underlying crime, conviction and sentence. Thus, this proceeding should be transferred.
In Matter of Howard v New York State Bd. of Parole (5 AD3d 271 [1st Dept 2004]), petitioner Theodore Howard argued, among other things, that venue of the proceeding challenging denial of his parole was proper in New York county. He stated that his
“trial and sentences [for crimes including murder in the second degree] were imposed in New York County and on this ground said sentences underlying the respondent’s determination being challenged *376 are so closely interwoven as to constitute ‘material facts’ which ‘otherwise took place’ within the judicial district in which this proceeding was instituted.” (Petitioner’s brief to App Div at 7.)
The Appellate Division, First Department, disagreed with Mr. Howard’s argument, explaining that:
“According to CPLR 506 (b), venue in a case such as this should have been placed in the judicial district where the determination complained of took place or where the respondent’s principal office is located. . . .
“Nevertheless, since the respondent failed to follow the procedure set forth in CPLR 511 (a) and (b) [requiring a timely demand for a change of venue], it is not entitled to a change of venue as of right, as it sought.” (Howard v New York State Bd. of Parole, 5 AD3d at 272.)
In concluding, the Appellate Division again emphasized that “New York County is an improper county for venue.” (Id.; see also, Weiss v Dennison, Jan. 9, 2006, Index No. 108904/05 [concluding that Howard is dispositive].)
Here, it is uncontested that the Division complied with the procedures outlined in CPLR 511 (a) and (b) by making a timely demand that the venue be changed. Based on Howard, New York county is “an improper county for venue” and this court must transfer the proceeding to the “judicial district where the determination complained of took place or where respondent’s principal office is located.” (Howard v New York State Bd. of Parole, 5 AD3d at 272.)
Significantly, although convictions and sentences are always material to parole determinations they are not events that have taken place in connection with “the determination complained of.” (CPLR 506 [b].) The convictions and sentences are certainly material factors that are analyzed by the Division. They are not, however, events that took place in conjunction with the determination under review...
Nor are crimes, convictions and sentences, which often have been secured years before a prisoner is eligible for parole, as a general rule “so closely interwoven” with parole determinations so as to warrant parole challenges in the counties where they were originally obtained or imposed. Although the nature of the crimes is and will always be material to the parole determination, the location of the crimes has little connection to the de *377 termination at hand — whether parole is appropriate. A contrary conclusion would give prisoners with lengthy criminal histories a wide choice of venue options simply because their convictions were material factors that the Division considered in assessing whether they should be returned to society. This court is unconvinced that CPLR 506 (b)’s “material events” provision was intended to have that effect.
Courts authorizing proceedings challenging parole determinations in the county of conviction and sentence often rely on Matter of Browne v New York State Bd. of Parole (10 NY2d 116 [1961]), which is readily distinguishable. At issue in Browne was the computation of the term of sentences imposed on the prisoner; there, the Court of Appeals concluded that “the two sentences underlying the determination challenged are so closely interwoven with said determination as to constitute ‘material facts’ which ‘otherwise took place’ within the judicial district in which this proceeding was instituted.” (Id. at 122; see also, Matter of Hawkins v Coughlin, 132 Misc 2d 45 [Sup Ct, Queens County 1986] [denial of sentence credit pursuant to Penal Law § 70.30 (3) could be challenged in county where sentences were imposed], affd 132 AD2d 381 [2d Dept 1987], affd 72 NY2d 158 [1988].) It makes perfect sense to have a court within the same county as the sentencing court review whether the sentences imposed were properly calculated in accordance with the law.
Parole determinations, in contrast, are significantly more attenuated from the crime, conviction and imposition of sentence. The crime, conviction and sentence are not being challenged; rather, it is the parole determination — with no connection to the counties in which the crimes were committed — that is under review. (See, Gonzalez v Dennison, Sup Ct, NY County, Oct. 26, 2005, Figueroa, J., Index No. 402346/05 [“petition alleges that the parole denial was improper; however, (petitioner) does not challenge the propriety of his trial or sentence in New York County. Therefore, all the material events occurred in Sullivan County, the place of the parole proceedings”].)
Accordingly, it is ordered that respondent’s cross motion for a change of venue is granted and the venue of this proceeding is changed from this court to Supreme Court, County of Albany, and the clerk of this court is directed to transfer the papers on file in this action to the clerk of Supreme Court, County of Albany; it is further ordered that the petition is held in abey *378 anee pending submission of an answer, which shall take place within 30 days of transfer unless Supreme Court, Albany County, determines otherwise.