■ Lillian Kurfis, Appellant, v Shore Towers Condominium et al., Respondents. [852 NYS2d 76]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 30, 2006, which granted defendants' motion to change venue from Bronx County to Queens County, unanimously reversed, on the law, without costs, the order vacated and the motion denied.

Bronx County was an improper venue for this action as it appears that plaintiff and defendants all reside in Queens County and the action arose in Queens. Nevertheless, for a change in venue predicated on a plaintiff's designation of an improper county (CPLR 510 [1]), the demand for change of venue must be served with or prior to the answer (CPLR 511 [a]). Here, the demand was served more than a year after joinder of issue. As the statutory procedure was not followed, defendants were not entitled to a change of venue as of right (*Banks v New York State & Local Employees' Retirement Sys.*, 271 AD2d 252 [2000]), and defendants' demand was ineffective. Accordingly, plaintiff was not required to respond. Even though the venue is improper, there is no jurisdictional impediment to trial being conducted in Bronx County (*Matter of Howard v New York State Bd. of Parole*, 5 AD3d 271, 272 [2004]).

Nor have defendants demonstrated that their untimely service of the demand resulted from misleading statements by plaintiff regarding residence (*cf. Philogene v Fuller Auto Leasing*, 167 AD2d 178 [1990]) or from active efforts to conceal her residence (*cf. Resciniti v Fairfax Partners*, 309 AD2d 627 [2003]), such as would excuse the delay. Rather than making misstate-

ments in the complaint regarding her residency, she made no statements.

The motion did not set forth a basis for a discretionary change in venue (CPLR 510 [3]), but even if it had, the omission of affidavits or other proofs from material witnesses claiming to be inconvenienced by a trial in Bronx County (*Castillo v Metropolitan Laundry Mach. Co.*, 299 AD2d 247 [2002]), as well as defendants' failure to identify such witnesses (*Leopold v Goldstein*, 283 AD2d 319 [2001]), would have been fatal to the motion. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.